# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 9:14-cv-81241-KAM

**COMPASS ITECH, LLC,**

       **Plaintiff/Counterdefendant,**

**v.**

**EVESTMENT ALLIANCE, LLC,**

       **Defendant/Counterplaintiff.**

_____/

## JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

The parties, Counter-plaintiff eVestment Alliance, LLC ("eVestment"), and Counter-defendant Compass iTech, LLC ("Compass" and together with eVestment, the "Parties"), hereby serve their Proposed Jury Instructions and Verdict Form pursuant to the Court' s Order Setting Trial Date [ECF 18] and Order Resetting Trial [ECF 124].

### A.  Joint Proposed Jury Instructions

First, the Parties submit "Preliminary Instructions," which the Parties propose the Court read to the jury at the beginning of the case or as appropriate. Second, the Parties submit "Final Instructions," which the Parties propose the Court read before the jury begins its deliberations. The Parties submit both sets of jury instructions in the order in which the Parties request they be read to the jury.

Any instructions which are not agreed contain objections and where applicable, proposed alternative instructions.

{41536343;2}

1

## I.  PRELIMINARY INSTRUCTIONS

**Proposed Preliminary Instruction No. 1**

### GENERAL PRELIMINARY INSTRUCTION

**Members of the Jury:**

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

**The jury's duty:**

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply - and you must follow the law even if you disagree with it.

**What is evidence:**

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" - simply a chain of circumstances that likely proves a fact.

{41536343;2}

2

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

**What is not evidence:**

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?"  That question is not evidence of what the witness saw or what Mr. Jones did - unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

{41536343;2}

Sometimes I may disallow evidence - this is also called "striking" evidence - and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

**Credibility of witnesses:**

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

**<u>Description of the case</u>:**

       This is a civil case.  To help you follow the evidence, I'll summarize the parties' positions.

       This case involves a dispute between two companies: eVestment Alliance, LLC, which I will refer to as "eVestment" or the "counterplaintiff"[1] and Compass iTech, LLC, which I will refer to as "Compass" or the "counterdefendant." eVestment owns and operates a financial computer database used by investors and investment advisors to assist them in making investment decisions.  eVestment alleges that in order to access the database, one must register, sign a license agreement pay a fee and obtain a unique username and password from eVestment. eVestment further alleges that Compass obtained a username and password from an eVestment paying client, and improperly used that username and password to obtain information from eVestment's database without eVestment's knowledge or consent.  eVestment alleges that Compass used this information to improperly compete with eVestment.  eVestment seeks damages against Compass for violation of the Federal Computer Fraud and Abuse Act, misappropriation of trade secrets, breach of contract and tortious interference with contract. Compass denies any liability, claiming that it had authorized access to eVestment's computer system, did not disrupt eVestment's computer service, was not in any account relationship with eVestment, did not breach any contract with eVestment, did not take any trade secret as no trade secret exists as to the information that eVestment claimed was improperly taken by Compass, and eVestment knew or should have known that Compass had access to the information

---

[1] Compass objects to any reference to eVestment as "counterplaintiff" and objects to any reference to Compass as "counterdefendant" as those references are confusing and potentially prejudicial to Compass. eVestment believes these references are important to clarify the procedural posture of the case.  The parties ask that this issue be resolved by the Court for all references in these jury instructions.

Compass is accused of using for over nine years and eVestment failed to take any action against Compass concerning any breach or other action or inaction.

**Burden of proof:**

eVestment has the burden of proving its case by what the law calls a "preponderance of the evidence." That means eVestment must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring eVestment and the evidence favoring Compass on opposite sides of balancing scales, eVestment needs to make the scales tip to its side. If eVestment fails to meet this burden, you must find in favor of Compass.

To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allows into evidence, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Compass has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Compass must prove for any affirmative defense. After considering all the evidence, if you decide that Compass has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

**[Note: Because this burden of proof applies only to the issue of punitive damages, eVestment objects to the next paragraph and contends that it should be contained within the specific instruction that addresses punitive damages.  Compass contends that this section addresses the burdens of proof in this case, it is a standard instruction, and should be included for completeness.  The parties propose alternative language as indicated]**

**[Note:  eVestment proposes the following language].**

On one issue, punitive damages, eVestment has the burden of proving the elements necessary to obtain punitive damages by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that eVestment's entitlement to punitive damages  is highly probable or reasonably certain. The court will tell you when to apply this standard.

**[Note:  Compass proposes the following language].**Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

**Conduct of the jury:**

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything - all the evidence, the lawyers'

{41536343;2}

7

closing arguments, and my instructions on the law - before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, Instagram and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair - no one else is so qualified.

**<u>Taking notes</u>:**

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case.

Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

GRANTED      _____      MODIFIED      _____

DENIED      _____      WITHDRAWN      _____

### Authority for Instruction

Eleventh Cir. Judicial Council, Eleventh Cir. Pattern Jury Instn. (Civ.) 2013, Preliminary Instructions Before Trial (modified to incorporate Burden of Proof – Clear and Convincing Evidence, Pattern Jury Instn. 1.2).

**[Note:  Compass objects to this instruction proposed by eVestment in its entirety.  Compass contends that it will be overly prejudicial to Compass and is not a necessary instruction].**

**Proposed Preliminary Jury Instruction No. 2**

**<u>PRIOR RULING OF THE COURT</u>**

You may notice that Compass is listed as the Plaintiff/Counter-defendant and eVestment is listed as the Defendant/Counter-plaintiff.  Compass initiated this action by bringing claims against eVestment for defamation, violation of the Florida Deceptive and Unfair Trade Practices Act and Tortious Interference with Contract.  This Court has reviewed the evidence submitted by the Parties in connection with each of Compass' claims and determined that eVestment is entitled a judgment in its favor on all of Compass' claims as a matter of law.  Accordingly, these claims are not before you.  You will only be asked to reach a verdict on eVestment's claims against Compass included in its counterclaim.

In reaching the determination that eVestment was entitled to a judgment in its favor on Compass' claims, the Court made certain findings of fact and law that are now considered to be the law of the case.  To the extent any of these findings are relevant to your deliberations, I will so advise you.  If I advise you that a fact has been established in this case, you must accept that fact as proven at trial when you deliberate.

GRANTED        _____        MODIFIED          _____

DENIED          _____        WITHDRAWN      _____

**<u>Authority for Instruction</u>**

Summary Judgment Order.

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 3

## COURSE OF THE TRIAL

Let's walk through the trial.  First, each side may make an opening statement, but they don't have to.  Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, eVestment, as the party bringing its counterclaims[2], will present its witnesses and ask them questions.  After eVestment questions a witness, Compass, as the defending party, may ask the witness questions – this is called "cross-examining" the witness.

After eVestment presents its witness, Compass will present its witnesses, and eVestment may cross-examine them.  You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, I will give you instructions on the law and the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you.

You'll then go to the jury room to deliberate.

GRANTED      _____      MODIFIED      _____

DENIED      _____      WITHDRAWN      _____


## Authority for Instruction

Eleventh Cir. Pattern Jury Instn. (Civ.) 2013, 1.1(modified).

**Proposed Preliminary Jury Instruction No. 4**

---

[2] Compass objects to the use of the words "its counterclaims" for the reasons set forth previously and proposes that the phrase "as the party bringing its counterclaims" be deleted or substituted with the phrase "as the party asserting claims".

{41536343;2}

11

## USE OF DEPOSITIONS

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

Deposition testimony will be presented to you by video and/or by reading of the transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

When a deposition is read to you, do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

GRANTED     _____     MODIFIED     _____

DENIED     _____     WITHDRAWN _____

## Authority for Instruction

Eleventh Cir. Judicial Council, Eleventh Cir. Pattern Jury Instn. (Civ.) 2013, Use of Depositions, §2.2 (modified).

**Proposed Preliminary Jury Instruction No. 5**

<u>**USE OF INTERROGATORIES**</u>

[You'll now hear/You've heard] answers that [name of the party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath. You must consider [name of party's] answers to as though [name of party] gave the answers on the witness stand.

GRANTED    _____         MODIFIED    _____

DENIED      _____         WITHDRAWN _____

<u>**Authority for Instruction**</u>

Eleventh Cir. Judicial Council, Eleventh Cir. Pattern Jury Instn. (Civ.) 2013, Use of Interrogatories, §2.6.

## II.  <u>FINAL JURY INSTRUCTIONS</u>

**Proposed Final Jury Instruction No. 1**

## <u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called

deliberations.

GRANTED  _____   MODIFIED  _____

DENIED  _____   WITHDRAWN_____

### <u>Authority for Instruction</u>

Eleventh Cir. Judicial Council, Eleventh Cir. Pattern Jury Instn. (Civ.) 2013, Introduction, §3.1.

{41536343;2}

Proposed Final Jury Instruction No. 2

## <u>THE DUTY TO FOLLOW INSTRUCTIONS – CORPORATE PARTY INVOLVED</u>

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

GRANTED      _____          MODIFIED      _____

DENIED        _____          WITHDRAWN_____


## <u>Authority for Instruction</u>

Eleventh Cir. Judicial Council, Eleventh Cir. Pattern Jury Instn. (Civ.) 2013, The Duty to Follow Instructions – Corporate Party Involved, §3.2.2.

{41536343;2}

**Proposed Final Jury Instruction No. 3**

## <u>CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT</u>

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.[3] Except for my instructions to you on the law[4], you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.

---

[3]      eVestment wants to include the following language at the end of the sentence: "unless I have specifically advised you that a fact has been established pre-trial," to reflect facts previously determined by the Court's summary judgment order.  Compass objects to this language being included as the standard jury instruction should be used.

[4]      eVestment wants to include the following phrase prior to the comma: "and previously determined facts," to reflect facts previously determined by the Court's summary judgment order; Compass objects to this language being included as the standard jury instruction should be used. Further, this court has not made findings of fact for purposes of trial.

{41536343;2}

There's no legal difference in the weight you may give to either direct or circumstantial evidence.

GRANTED    _____        MODIFIED     _____
DENIED      _____        WITHDRAWN_____

### **Authority for Instruction**

Eleventh Cir. Judicial Council, Eleventh Cir. Pattern Jury Instn. (Civ.) 2013, Consideration of Direct and Circumstantial Evidence, §3.3.

{41536343;2}

Proposed Final Jury Instruction No. 4

## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?


GRANTED        _____        MODIFIED        _____

DENIED        _____        WITHDRAWN_____


## Authority for Instruction

Eleventh Cir. Judicial Council, Eleventh Cir. Pattern Jury Instn. (Civ.) 2013, Credibility of Witnesses, §3.4.

{41536343;2}

18

**Proposed Final Jury Instruction No. 5**

## **IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

GRANTED        _____        MODIFIED        _____
DENIED        _____        WITHDRAWN_____

### **Authority for Instruction**

Eleventh Cir. Judicial Council, Eleventh Cir. Pattern Jury Instn. (Civ.) 2013, Impeachment of Witnesses Because of Inconsistent Statements, §3.5.1.

{41536343;2}

19

**Proposed Final Jury Instruction No. 6**

## <u>EXPERT WITNESS</u>

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

GRANTED     _____     MODIFIED     _____
DENIED     _____     WITHDRAWN_____

### <u>Authority for Instruction</u>

Eleventh Cir. Judicial Council, Eleventh Cir. Pattern Jury Instn. (Civ.) 2013, Expert Witness, 3.6.1.

Proposed Final Jury Instruction No. 7

**RESPONSIBILITY FOR PROOF – EVESTMENT'S CLAIMS -  PREPONDERANCE OF THE EVIDENCE**

In this case, it is the responsibility of eVestment, as the party bringing the claims, to prove every essential part of its claims by a "preponderance of the evidence."   This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that eVestment's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against eVestment.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of eVestment's claims by a preponderance of the evidence, you should find for Compass as to that claim.


GRANTED        _____        MODIFIED        _____

DENIED         _____        WITHDRAWN_____


**Authority for Instruction**

Eleventh Cir. Judicial Council, Eleventh Cir. Pattern Jury Instn. (Civ.) 2013, Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims - Preponderance of the Evidence, 3.7.1.

{41536343;2}

**Proposed Final Jury Instruction No. 8**

## <u>RESPONSIBILITY FOR PROOF – AFFIRMATIVE DEFENSE</u><br><u>PREPONDERANCE OF THE EVIDENCE</u>

In this case, Compass has asserted certain affirmative defenses. Even if eVestment proves a claim by a preponderance of the evidence, Compass can prevail on that claim if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that Compass does not have to disprove eVestment's claims, but if Compass raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

GRANTED   _____          MODIFIED   _____
DENIED   _____          WITHDRAWN_____

### <u>Authority for Instruction</u>

Eleventh Cir. Judicial Council, Eleventh Cir. Pattern Jury Instn. (Civ.) 2013, Responsibility for Proof – Affirmative Defense - Preponderance of the Evidence, 3.7.2.

{41536343;2}

**[Note:  Compass objects to a transitional instruction here as it is redundant and, therefore, potentially prejudicial.  Further, the parties do not agree on the language of this instruction.  If the Court is inclined to include such an instruction, Compass has proposed alternative language].**

**eVestment's Proposed Final Jury Instruction No. 9**

**EVESTMENT'S COUNTERCLAIM FOR VIOLATION OF
THE COMPUTER FRAUD AND ABUSE ACT**

With the first and second counts of its Counterclaim, eVestment seeks damages from Compass for violating two provisions of the Federal Computer Fraud and Abuse Act .  I will now instruct you on the provisions of the Computer Fraud and Abuse Act  and the damages you may award if you find, by a preponderance of the evidence, that Compass violated that Act.

GRANTED        _____        MODIFIED        _____

DENIED        _____        WITHDRAWN        _____

**Authority for Instruction**

None.  Transitional instruction.

**Compass' Proposed Final Jury Instruction No. 9**

## EVESTMENT'S CLAIM FOR VIOLATION OF
## THE COMPUTER FRAUD AND ABUSE ACT

eVestment seeks damages from Compass for violating two provisions of the Federal Computer Fraud and Abuse Act.  I will now instruct you on the provisions of the Computer Fraud and Abuse Act and the damages you may award if you find, by a preponderance of the evidence, that Compass violated that Act and Compass did not prove, by a preponderance of the evidence, any of its affirmative defenses.

GRANTED        _____        MODIFIED        _____

DENIED          _____        WITHDRAWN      _____

**Authority for Instruction**

None.  Transitional instruction.

{41536343;2}

[Note:  The parties do not agree on the language of the following instruction and have proposed alternative instructions]

Compass' Proposed Final Jury Instruction No. 10

## FEDERAL COMPUTER FRAUD AND ABUSE ACT
## OBTAINING INFORMATION FROM A COMPUTER IN VIOLATION OF 18 U.S.C. §1030(a)(2)(C)

eVestment claims that Compass committed computer fraud in violation of section 1030(a)(2)(C) of Title 18 of the United States Code.  In order to prevail, eVestment must prove each of the following elements by a preponderance of the evidence:

1)      Compass intentionally accessed a computer or computer system of eVestment;

2)      Compass accessed eVestment's computer or computer system without authorization, or exceeded its authorized access;

3)      Compass obtained information from eVestment's computer or computer system; and

4)      eVestment suffered a loss of at least $5,000 as a result of Compass' actions.

In order to find that eVestment has proven the second element above (that is, that Compass' access was without authorization), you must find by a preponderance of the evidence that (a) eVestment did not give the licensed users permission to grant Compass access to the Analytics Database, and (b) that Compass knew or had reason to believe that the licensed users did not have permission to grant Compass access.  If you find that Compass did not know, and did not have reason to believe that the licensed users did not have eVestment's permission to

{41536343;2}

25

grant Compass access to eVestment's Analytics Database, then your verdict should be for Compass and against eVestment on this claim.  In other words, if you find that it was reasonable for Compass to believe that it had authorized access to eVestment's Analytics Database, then you must find against eVestment and in favor of Compass on this claim.

GRANTED          _____          MODIFIED          _____

DENIED          _____          WITHDRAWN          _____

### Authority for Instruction

18 U.S.C. § 1030(a)(2)(c); 18 U.S.C. 1030(e)(2); *Trademotion, LLC v. Marketliq, Inc.*, 857 F.Supp.2d 1285, 1289-90 (M.D. Fla. 2012); *Marine Turbo Engineering, Ltd. v. Turbocharger Services Worldwide, LLC*, 2011 WL 6754058 (S.D. Fla. 2011); *State Analysis, Inc., d/b/a StateScape v. American Financial Services Assoc.*, 621 F.Supp.2d 309, 316 and n.2 (E.D. Va. 2009); *Trafcone Wireless, Inc. v. Cabrera*, 883 F.Supp.2d 1220, 1228(S.D. Fla. 2012); *Shurgard Storage Centers, Inc. v. Safeguard Self-Storage, Inc.*, 119 F.Supp.2d 1121, 1126-27 (W.D. Wash. 2000); *United States v. Rodriguez*, 628 F.3d 1258, 1263 (11th Cir. 2010); *see Snap-on Bus. Sols. Inc. v. O'Neil & Assocs, Inc.*, 708 F. Supp. 2d 699, 678 (N.D. Ohio 2010); *State Analysis, Inc. v. Am. Fin. Servs. Assoc.*, 621 F. Supp. 2d 309, 316 (E.D. Va. 2009); 18 U.S.C. §1030(a)(4)(requires that the at least $5,000.00 loss occur within any 1 year period).

## <u>EVESTMENT'S PROPOSED FINAL JURY INSTRUCTION NO. 10</u>

## <u>FEDERAL COMPUTER FRAUD AND ABUSE ACT</u>
## <u>OBTAINING INFORMATION FROM A COMPUTER IN VIOLATION OF 18 U.S.C.</u>
## <u>§1030(a)(2)(C)</u>

eVestment claims that Compass committed computer fraud in violation of section 1030(a)(2)(c) of Title 18 of the United States Code. In order to prevail, eVestment must prove each of the following elements by a preponderance of the evidence:

1)   Compass intentionally accessed a "computer" or computer system of eVestment;

2)   Compass accessed the eVestment computer or computer system without authorization, or in a manner that exceeded authorized access;

3)   Compass obtained information from the eVestment computer or computer system; and

4)   eVestment suffered loss of at least $5,000 as a result of Compass' actions.

As a result of prior proceedings in this case, the Court has already made certain factual findings relevant to eVestment's Computer Fraud and Abuse Act Claims. Specifically, the Court has determined that the following facts have been proven in this case:

- Compass intentionally accessed a computer or computer system of eVestment, namely, the eVestment "Analytics Database";
- Compass accessed eVestment's Analytics Database by utilizing the usernames and passwords of eVestment paying clients, mostly that of Billie Mallie at Holland Capital Management;
- eVestment did not authorize Compass to access the Analytics Database;
- Holland Capital did not have the legal authority to permit Compass to use its username and password in order to access eVestment's Analytics Database;
- Compass obtained information from eVestment's computer or computer system; and
- eVestment has satisfied the requirement of showing $5,000 of loss.

You are instructed that you must accept these findings of fact as true and apply them as if they were fully established at this trial.

{41536343;2}

27

Therefore, the only issue remaining for your determination on this claim is whether Compass accessed the eVestment computer or computer system without authorization, or in a manner that exceeded authorized access, in violation of the Act?

Compass alleges that Holland Capital Management authorized it to use the Billie Mallie username and password without restriction, including the right to freely access information about other companies in eVestment's Analytics Database.  If you find that Holland Capital Management did **not** authorize Compass to use its login credentials in this manner, then you must find that Compass acted without authorization or in a manner that exceeded its authorized access, and you must consider whether Compass proved its affirmative defenses, which I will go through with you shortly.

If, however, you find that Holland Capital Management authorized Compass to use the Billie Mallie username and password to freely access information in the Analytics Database, then your deliberations on this issue are not concluded.  As I already explained to you, this Court has determined that Holland Capital Management lacked the legal authority to grant Compass free access to eVestment's Analytics Database.  Nevertheless, to find that Compass violated the Act by using login credentials in a manner authorized by Holland Capital Management, you must find that Compass knew, or had reason to believe, that Holland Capital Management lacked the authority to grant Compass free access to eVestment's Analytics Database.

If you find that eVestment failed to prove by a preponderance of the evidence that Compass knew or had reason to believe that Holland Capital Management lacked authority to grant Compass free access to eVestment's database, then your verdict should be for Compass on this claim.  If, however, you find that eVestment established that Compass knew or had reason to

{41536343;2}

28

believe that Holland Capital Management lacked authority to grant Compass free access to eVestment's database, then, again, you must determine whether Compass proved its affirmative defenses by a preponderance of the evidence, in the manner I will instruct you on shortly.

GRANTED   _____          MODIFIED          _____

DENIED   _____          WITHDRAWN          _____

### Authority for Instruction

Summary Judgment Order pages 12 -26; 18 U.S.C. § 1030(a)(2)(c); 18 U.S.C. 1030(e)(2); *Brown Jordan Int'l, Inc. v. Carmicle*, Case No. 14:-CV-60629, 2016 WL 815827, at *40-41 (S.D. Fla. March 2, 2016) *affd. Brown Jordan Int'l, Inc. v. Carmicle*, Case No. 16-11350, 2017 WL 359651 (11th Cir. January 25, 2017); *Tracfone Wireless, Inc. v. Adams,* 98 F.Supp.3d 1243, 1261 (S.D. Fla. 2015); *Marine Turbo Engineering, Ltd. v. Turbocharger Services Worldwide, LLC*, Case No. 11-60621-CIV, 2011 WL 6754058, * 9 (S.D. Fla. December 22, 2011).


eVestment Objection:   eVestment agrees that this instruction is consistent with the Court's Summary Judgment Order.   However, eVestment believes that the Summary Judgment Order was in error to the extent that it finds that Compass can avoid liability for accessing the Analytics Database upon a demonstration that Holland Capital Management authorized Compass to access eVestment's Analytics Database and that Compass didn't know, nor had reason to believe, that Holland Capital could not grant such access.   eVestment is not waiving its objection to the Summary Judgment Order by agreeing to this proposed instruction.

Compass objection:  Compass objects to the factual findings that eVestment contends the Court has already made.

**[Note:  The parties do not agree on the language of the following instruction and have proposed separate instructions.  Compass' proposed jury instructions on its Affirmative Defenses are set forth at proposed instructions numbers 29-35].**

<u>EVESTMENT'S PROPOSED FINAL JURY INSTRUCTION NO 11</u>
<u>COMPASS' AFFIRMATIVE DEFENSES TO EVESTMENT'S CLAIMS UNDER THE
FEDERAL COMPUTER FRAUD AND ABUSE ACT</u>

If you find that eVestment established the elements of its claim under the Federal Computer Fraud and Abuse Act discussed above, you must next consider Compass' affirmative defenses of waiver and statute of limitations.

**<u>Affirmative Defense of Waiver</u>**

As an affirmative defense to eVestment's claim under the Computer Fraud and Abuse Act, Compass claims that eVestment waived its right to restrict access to its Analytics Database to only subscribers that signed a licensed agreement and paid a fee for such access.

To establish this defense, Compass must prove all of the following by a preponderance of the evidence:

1.       eVestment knew or should have known that Compass was accessing eVestment's Analytics Database without authorization or in a manner that exceeded its authorized access; and

2.       eVestment freely and intentionally gave up its right to restrict Compass from accessing the Analytics Database without authorization or in a manner that exceeded its authorized access.

A waiver may be oral or written or may arise from conduct which shows that eVestment gave up that right.

If Compass proves each of these elements by a preponderance of the evidence, then your verdict should be for Compass on this claim.  If Compass fails to prove each of these elements by a preponderance of the evidence, then your verdict must be for eVestment, and you must consider the issue of damages.

{41536343;2}

## **Affirmative Defense of Statute of Limitations**

As a second affirmative defense to eVestment's claim under the Computer Fraud and Abuse Act, Compass asserts that eVestment failed to assert its claim within the applicable statute of limitations.  On this defense, the issue for you to decide is whether eVestment filed its claims for violation of CFAA within the time set by law.  Pursuant to federal law, Evestment is required to file its claim within two years of the date it discovered Compass' unauthorized access into eVestment's Analytics Database.  Therefore, to establish this defense, Compass must prove by a preponderance of the evidence that eVestment discovered Compass' unauthorized access into eVestment's Analytics Database prior to October 22, 2012 – which is two years prior to the date it filed its counterclaims, on October 22, 2014.

If you find that Compass proved by a preponderance of the evidence that eVestment discovered Compass' unauthorized access of eVestment's Analytics Database prior to October 22, 2012, your verdict must be for Compass.  If, however, you find that Compass failed to prove eVestment discovered Compass' unauthorized access prior to October 22, 2012, your verdict must be for eVestment on this claim, and later, you will be given the instructions concerning your consideration of damages on this claim.

## **Authority for Instruction on Statute of Limitations**

Waiver:  Florida Standard Jury Instruction 416.30; *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So.2d 707, 711 (Fla. 2005) ("Waiver" is the voluntary and intentional relinquishment of a known right.); *Bueno v. Workman*, 20 So.3d 993, 998 (Fla. 4th DCA 2009) (The elements necessary to establish waiver are:  the existence of a right, privilege, or advantage; the actual or constructive knowledge thereof; and an intention to relinquish that right, privilege, or advantage); *Winans v. Weber*, 979 So.2d 269, 274 (Fla. 2d DCA 2007).

{41536343;2}

Statute of Limitations:  18 U.S.C. § 1030(g) ("No action may be brought under this subsection unles such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage.") *Sewell v. Bernardin*, 795 F.3d 337, 340 (2d. Cir. 2015) ("The statute of limitations under the DVAA accordingly ran from the date that [plaintiff] discovered that someone had impaired the integrity of each of her relevant Internet accounts"; *Quantlab Technologies LTD v. Godlevsky*, case no. 4:09-CV-4039, 2015 WL 1651251 (S.D. Tex. April 14, 2015), at *2 ("A civil claim under the CFAA must be brought within two years after the computer owner discovers the unauthorized access.").

[Note:  The parties do not agree on the language of the following instruction and have proposed separate instructions]

**Compass' Proposed Final Jury Instruction No. 12**

**FEDERAL COMPUTER FRAUD AND ABUSE ACT**
**ACCESSING A COMPUTER IN VIOLATION OF 18 U.S.C. § 1030(a)(4)**

eVestment also claims that Compass committed computer fraud in violation of Section 1030(a)(4) of title 18 of the United States Code.  The elements for a claim under this section are:

1)      Compass knowingly accessed a computer or computer system of eVestment;

2)      Compass accessed the eVestment computer or computer system without authorization or exceeded its authorized access;

3)      Compass did so with intent to defraud;

4)      By accessing the eVestment computer or computer system, Compass furthered the intended fraud;

5)      By accessing the eVestment computer or computer system, Compass obtained something of value; and

6)      eVestment suffered a loss of at least $5,000 as a result of Compass' actions.

In order to find that eVestment has proven the second element above (that is, that Compass' access was without authorization), you must find by a preponderance of the evidence that (a) eVestment did not give the licensed users permission to grant Compass access to the Analytics Database, and (b) that Compass knew or had reason to believe that the licensed users did not have permission to grant Compass access.  If you find that Compass did not know, and did not have reason to believe that the licensed users did not have eVestment's permission to grant Compass access to eVestment's Analytics Database, then your verdict should be for Compass and against eVestment on this claim.  In other words, if you find that it was reasonable

for Compass to believe that it had authorized access to eVestment's Analytics Database, then you must find against eVestment and in favor of Compass on this claim.

GRANTED     _____     MODIFIED     _____

DENIED     _____     WITHDRAWN     _____

**Authority for Instruction**

18 U.S.C. § 1030(a)(4); *Tracfone Wireless, Inc. v. Cabrera*, 883 F.Supp.2d 1220, 1227-28 (S.D. Fla. 2012); *Shurgard Storage Ctrs., Inc. v. Safeguard Self Storage, Inc.*, 119 F. Supp. 2d 1121, 1126 (W.D. Wash. 2000).

## EVESTMENT'S PROPOSED FINAL JURY INSTRUCTION 12

## FEDERAL COMPUTER FRAUD AND ABUSE ACT
## ACCESSING A COMPUTER IN VIOLATION OF 18 U.S.C. § 1030(a)(4)

eVestment also claims that Compass violated 1030(a)(4) of the Computer Fraud and Abuse Act.   The elements for a claim under this section are:

1)    Compass knowingly and with intent to defraud;

2)    accessed a computer or computer system of eVestment without authorization or in a manner that exceeded its authorization;

3)    obtained something of value; and

4)    caused a loss or damages aggregating at least $5,000.

This Court has already determined that Compass accessed a computer or computer system of eVestment and caused a loss or damages aggregating at least $5,000.  Therefore, the issues for your determination on this claim are (i) whether Compass' access was "without authorization or in a manner that exceeded its authorization" and (ii) whether Compass acted "knowingly and with intent to defraud."

Regarding whether Compass' access was without authorization or in a manner that exceeded its authorization, the prior instruction applies.  Regarding whether Compass acted knowingly and with intent to defraud, you are instructed that "intent to defraud" simply means wrongdoing whereby Compass participated in dishonest methods to obtain eVestment's secret information.

If you find that eVestment failed to prove by a preponderance of the evidence that  (i) Compass' access to the eVestment Analytics Database was "without authorization or in a manner

{41536343;2}

that exceeded its authorization" and (ii) that Compass acted "knowingly and with intent to defraud," then your verdict should be for Compass on this claim.  If, however, you find that eVestment established these elements by a preponderance of the evidence, then you must consider whether Compass proved its affirmative defenses of waiver and statute of limitations by a preponderance of the evidence, as discussed in Instruction No. 11.

If you determine that Compass proved one or both of its affirmative defenses by a preponderance of the evidence, your verdict must be for Compass on this claim.  If you determine that Compass failed to prove either of its affirmative defenses, your verdict must be for eVestment on this claim, and you must consider the issue of damages.

GRANTED   _____          MODIFIED   _____

DENIED   _____          WITHDRAWN   _____

### Authority for Instruction

18 U.S.C. § 1030(a)(4); *Tracfone Wireless, Inc. v. Adams*, 98 F.Supp. 3d 1243, 1260 (S.D. Fla. 2015); *Tracfone Wireless, Inc. v. Cabrera*, 883 F.Supp.2d 1220, 1227-28 (S.D. Fla. 2012); *Shurgard Storage Ctrs., Inc. v. Safeguard Self Storage, Inc.*, 119 F. Supp. 2d 1121, 1126 (W.D. Wash. 2000); *Philips Medical Systems of Puerto Rico, Inc. v. GIS Partners Corp*., Case No. 15-2702, 2016 WL 4491716 (D.P.R. August 26, 2016).

**[Note:  The parties do not agree on the language of the following instruction.  Compass proposes the following instruction, whereas Evestment believes such instruction is duplicative of previous instructions.  Moreover, Evestment objects to the definition of "Intent to Defraud" as a misstatement of applicable law.]**

**Compass' Proposed Final Jury Instruction 13**

## COMPUTER FRAUD AND ABUSE ACT - DEFINITIONS

For purposes of Instructions Nos. 11-12, the terms:

1)   "Exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accessor is not entitled to obtain or alter.

2)   A person who accesses a computer "without authorization" has no rights, limited or otherwise, to access the computer in question.

3)   "Damage" means any impairment to the integrity or availability of data, a program, a system, or information.

4)   "Fraud" and "Intent to defraud" means an intent to deceive another person, and to induce such other person in reliance upon such deception, to assume, create, transfer, alter or terminate a right, obligation, or power with reference to property.

5)   "Loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

6)    "Person" means any individual, firm, corporation or other entity.

GRANTED    _____          MODIFIED          _____

DENIED     _____          WITHDRAWN         _____

### Authority for Instruction

18 U.S.C. § 1030(e) (2006) (defining exceeds authorized access, loss, and person) (modified); *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1133 (9th Cir. 2009) (without authorization); *Ebay, Inc. v. Digital Point Solutions, Inc.*, 608 F.Supp.2d. 1156, 1164 (N.D. Cal. 2009) (without authorization and fraud); *Craigslist, Inc. v. Naturemarket, Inc.*, 2010 WL 807446, *12 (N.D. Cal. 2010) (without authorization); *Hanger Prosthethics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 556 F. Supp. 2d 1122, 1131 (E.D. Cal. 2008) (fraud); *Tracfone Wireless, Inc. v. Adams*, 98 F. Supp. 3d 1243, 1262 (S.D. Fla. 2015) (finding intent to defraud where party admitted to accessing computer system of other party for the sole purpose of coercing that other party to provide free services); *Tracfone Wireless, Inc. v. Cabrera*, 883 F.Supp.2d 1220, 1227-28 (S.D. Fla. 2012); *Success Factors, Inc. v. Softscape, Inc.*, 544 F.Supp.2d 975, 980-81 (N.D. Cal. 2008); Black's Law Dictionary, 6th Edition (1990)(defining "intent to defraud" as "an intention to deceive another person, and to induce such other person in reliance upon such deception, to assume, create, transfer, alter or terminate a right, obligation, or power with reference to property").

**[Note:  The parties do not agree on the language of the following instruction and propose alternative instructions. Moreover, eVestment objects to Compass' statement that the loss of trade secrets are not recoverable because it misstates applicable law.]**

Compass' Proposed Final Jury Instruction No. 14

## COMPUTER FRAUD AND ABUSE ACT – DAMAGES

If you find that Compass violated the Computer Fraud and Abuse Act and you find that Compass did not prove any of its affirmative defenses, you may award eVestment that amount of money that will compensate eVestment for the "damage" or "loss" it sustained as a result of Compass' improper actions.  *See* Jury Instruction No. 13 for the definitions of "damage" and "loss".  The loss of trade secrets, if any, is not considered "loss" under the CFAA and, therefore, eVestment cannot recover for such loss under this claim.

It is eVestment's burden to prove its damages by a preponderance of the evidence.

GRANTED  _____          MODIFIED  _____

DENIED  _____          WITHDRAWN  _____

### Authority for Instruction

18 U.S.C. § 1030(g); 18 U.S.C. §1030 (e)(8) and (e)(11); *Aquent LLC v. Stapleton*, 65 F. Supp.3d 1339, 1344-45 (M.D. Fla. 2014)(the CFAA is primarily a criminal statute that provides for a civil cause of action by a party who suffers damage or loss by reason of a violation of the CFAA) and (citing *Lockheed Martin Corp. v. Speed*, No. 05-cv-1580, 2006 WL 2683058, at *3 (M.D. Fla. Aug. 1, 2006)("[t]he loss of trade secrets is not considered 'loss' under the CFAA"); *Creative Computing*, 386 F.3d 930, 935 (9th Cir. 2004); *SuccessFactors, Inc. v. Softscape, Inc.*, 544 F. Supp. 2d 975 at 980-81 (N.D. Cal. 2008)(citing *Tyco International (U.S.) v. Does*, 2003 U.S. Dist. LEXIS 25136, * 9 (S.D.N.Y.)('the CFAA allows recovery for losses beyond mere physical damage to property' but 'the additional types of damages awarded by courts under the Act have generally been limited to those costs necessary to assess the damages caused to plaintiff's system or to resecure the system in the wake of a spamming attack.').

{41536343;2}

## EVESTMENT'S PROPOSED FINAL JURY INSTRUCTION NO. 14

## COMPUTER FRAUD AND ABUSE ACT – DAMAGES

If you find that Compass violated the Computer Fraud and Abuse Act, you may award eVestment compensatory damages. Compensatory damages means that amount of money that will compensate eVestment justly and fairly for all the injuries and losses that it sustained as a result of Compass' improper actions. Such a sum of money will make eVestment whole again or, as far as a sum of money can, put eVestment back in the same position it was in, or would have been in, had Compass not violated the Computer Fraud and Abuse Act. Damages may include:

1) costs of responding to the violation and conducting a damage assessment;

2) costs of restoring the system and data to its prior condition; and

3) lost business, revenues, costs or other consequential damages incurred due to interruption of service.

To clarify, eVestment's loss need not have resulted from an interruption of service to be actionable under the CFAA. Rather, the statutory definition includes two separate types of loss: (1) reasonable costs incurred in connection with such activities as responding to a violation, assessing the damage done, and restoring the affected data, program, system, or information to its condition prior to the violation; and (2) any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service. It is eVestment's burden to prove its damages by a preponderance of the evidence.

GRANTED _____     MODIFIED _____

DENIED _____     WITHDRAWN _____

### Authority for Instruction

18 U.S.C. § 1030(g); 18 U.S.C. § 1030 (e)(8), (11);  8 Am. Jur. Pl. & Pr. Forms Damages § 155 (2016); *Tracfone Wireless, Inc. v. Adams,* 98 F.Supp. 3d 1243, 1262-63 (S.D. Fla. 2015); *Creative Computing v. Getloaded.com, LLC,* 386 F.3d 930, 935 (9th Cir. 2004); *SuccessFactors,*

*Inc. v. Softscape, Inc.*, 544 F. Supp. 2d 975, 980-81 (N.D. Cal. 2008); *Brown Jordan Int'l v. Carmichael*, Case. No. 14-CV-60-629, 2016 WL 815827, *42 (S.D. Fla. Mar. 2, 2016).

**[Note: Compass objects to a transitional instruction here as it is redundant and, therefore, potentially prejudicial.  Further, the parties do not agree on the language of this instruction.  If the Court is inclined to include such an instruction, Compass has proposed alternative language].**

### EVESTMENT'S PROPOSED FINAL JURY INSTRUCTION NO. 15

### EVESTMENT'S COUNTERCLAIM FOR MISAPPROPRIATION OF TRADE SECRETS

eVestment next claims that Compass misappropriated a trade secret in violation of Florida's Uniform Trade Secrets Act.  eVestment alleges that the information as compiled in the eVestment Analytics Database is a trade secret that it owns or possesses, and that Compass misappropriated that trade secret.

I will now instruct on the elements of a claim for misappropriation of trade secrets.

GRANTED  _____          MODIFIED          _____

DENIED  _____          WITHDRAWN          _____

**Authority for Instruction**

None.  Transitional instruction.

Compass' Proposed Jury Instruction No. 15

**EVESTMENT'S CLAIM FOR MISAPPRORIATION OF TRADE SECRETS**

eVestment next claims that Compass misappropriated a trade secret in violation of Florida's Uniform Trade Secrets Act.  I will now instruct you on the provisions of the Florida Uniform Trade Secrets Act and the damages you may award if you find, by a preponderance of the evidence, that Compass violated the Act and Compass did not prove, by a preponderance of the evidence, any of its affirmative defenses.

GRANTED _____      MODIFIED _____

DENIED _____      WITHDRAWN _____

**<u>Authority for Instruction</u>**

Transitional instruction.

**[Note:  The parties do not agree on the language of the jury instruction for Evestment's Claim for Misappropriation of Trade Secrets and propose alternative instructions].**

**Compass' Proposed Final Jury Instruction No. 16**

**EVESTMENT'S CLAIM FOR MISAPPROPRIATION OF TRADE SECRETS**

eVestment claims that Compass violated the Florida Uniform Trade Secrets Act.

For eVestment to recover on its misappropriation of trade secrets claim, eVestment must prove by a preponderance of the evidence that:

1) the following categories of information contained in eVestment's analytics solution and database:

Firm Name; Marketing contact; Title of marketing contact; Address of marketing contact; Phone and Fax numbers for marketing contact; E-mail address for marketing contact; Database contact; Title of database contact; Address of database contact; Phone and Fax numbers for database contact; E-mail address for database contact; List of product names; List of product types; and Assets under management

constitutes a "trade secret";

2) eVestment took reasonable steps to protect the secrecy of its trade secret;

3) Compass "misappropriated" the trade secret; and

4) eVestment was damaged as a result of Compass' actions.

If you find that eVestment has not proven all of the above elements by a preponderance of the evidence, then your verdict should be against eVestment and for Compass on this claim. If you find that eVestment proved all of these elements by a preponderance of the evidence and Compass has proven any of its affirmative defenses, then your verdict should be against eVestment and for Compass on this claim.  If you find that eVestment proved all of the above elements by a preponderance of the evidence and Compass has not proven any of its affirmative defenses, then your verdict should be for eVestment and you will consider the issue of damages.

{41536343;2}

44

GRANTED    _____     MODIFIED     _____

DENIED      _____     WITHDRAWN   _____

### Authority for Instruction

Fla Stat. §§ 688.002, 688.003, 688.004; *Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F.Supp.2d 1271, 1291 (S.D. Fla. 2001); *VAS Aero Servs., LLC v. Arroyo*, 860 F.Supp.2d 1349, 1358 (S.D. Fla. 2012); *Sensormatic Electronics v. TAG Co. US, LLC*, 632 F.Supp.2d 1147, 1185 (S.D. Fla. 2008); *Levenger Company v. Feldman*, 516 F.Supp.2d 1272, 1286-87 (S.D. Fla. 2007); *Premier Lab Supply, Inc. v. Chemplez Indus., Inc.*, 10 So.3d 202, 205 (Fla. 4th DCA 2009); *In re Maxxim Med. Grp., Inc.*, 434 B.R. 660, 690-92 (Bankr. M.D. Fla. 2010); *Am. Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998); *Sepro Corp. v. Fla. Dept. of Envt'l Prot.*, 839 So.2d 187, 783-84 (Fla. 1st DCA 2003).

## **EVESTMENT'S PROPOSED FINAL JURY INSTRUCTION NO. 16**

## **EVESTMENT'S CLAIM FOR MISAPPROPRIATION OF TRADE SECRETS**

For eVestment to recover on its misappropriation of trade secrets claim, eVestment must

prove by a preponderance of the evidence that:

1)      the information as compiled in the eVestment Analytics Database is a "trade
secret" owned or possessed by eVestment;

and

2)      Compass "misappropriated" the  trade secret.


GRANTED      _____      MODIFIED         _____

DENIED      _____      WITHDRAWN      _____

### **Authority for Instruction**

Fla. Stat. §§ 688.002, 688.004; *XTec, Inc. v. Hembree Consulting Services*, 183 F.Supp.3d 1245,
1253 (S.D. Fla. 2016); *VAS Aero Servs., LLC v. Arroyo*, 860 F.Supp.2d 1349, 1358 (S.D. Fla.
2012); *Treco Int'l S.A. v. Kromka,* 706 F.Supp.2d 1283, 1290 (S.D. Fla. 2010); *Del Monte Fresh
Produce Co. v. Dole Food Co, Inc.* 136 F.Supp.2d 1271, 1291 (S.D. Fla. 2001).

{41536343;2}

**[Note:  The parties do not agree on the Final Jury Instruction for Definitions under the Uniform Trade Secrets Act and propose alternative instructions].**

**Compass' Proposed Final Jury Instruction 17**

## <u>UNIFORM TRADE SECRETS ACT - DEFINITIONS</u>

For purposes of Instructions Nos. __-__, the terms:

1) "Improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of duty to maintain secrecy, or espionage through electronic or other means.

2) "Misappropriation" means:

   (a) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

   (b) Disclosure or use of a trade secret of another without express or implied consent by a person who:

      1. Used improper means to acquire knowledge of the trade secret; or

      2. At the time of disclosure or use, knew or had reason to know that her or his knowledge of the trade secret was:

         a. Derived from or through a person who had utilized improper means to acquire it;

         b. Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

         c. Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

      3. Before a material change of her or his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

3)      "Person" means a natural person, corporation, business trust, estate, trust, partnership, association, joint venture, government, governmental subdivision or agency, or any other legal or commercial entity.

4)      "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that:

(a)      Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(b)      Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

GRANTED      _____      MODIFIED      _____

DENIED      _____      WITHDRAWN      _____

## **Authority for Instruction**

Fla Stat. § 688.002 (2016).

## EVESTMENT'S PROPOSED FINAL JURY INSTRUCTION NO. 17

## TRADE SECRET DEFINED

The first issue for your determination on this claim is whether the information as compiled in the eVestment Analytics Database is a trade secret owned or possessed by eVestment.  "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that:

(a)    Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(b)    Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

The fact that some or all of the components of the trade secret are well-known does not preclude protection for a secret combination, compilation or integration of the individual elements.  Hence, even if all of the information is publically available, a unique combination of that information, which adds value to the information, may qualify as a trade secret.

Additionally, a distillation of a larger list can be a trade secret where it results from considerable effort, knowledge, time, and expense.

GRANTED    _____        MODIFIED         _____

DENIED       _____        WITHDRAWN    _____

### Authority for Instruction

Fla. Stat. §688.002; *VAS Aero Servs., LLC v. Arroyo*, 860 F.Supp.2d 1349, 1360 (S.D. Fla. 2012); *Treco Int'l S.A. v. Kromka,* 706 F.Supp.2d 1283, 1290 (S.D. Fla. 2010); *Premier Lab Supply, Inc. v. Chemplex Indus., Inc.*, 10 So.3d 202, 205 (Fla. 4th DCA 2009); *Sensormatic Electronics Corp. v. The Tag Company, US, LLC*, 632 F.Supp.2d 1147, 1185 (S.D. Fla. 2008); *Penalty Kick Mgmt., Ltd. v. Coca Cola Co*., 318 F.3d 1284, 1291 (11th Cir. 2003); *Four Seasons Hotel and Resorts, BV v. Consorcio Barr, S.A.,* 267 F.Supp.2d 1268, 1325 (S.D. Fla. 2003); *Cytodyne Technologies, Inc. v. Biogenic Technologies, Inc.,* 216 F.R.D. 533, 536 (M.D. Fla. 2003); *Unistar Corp. v. Child,* 415 So.2d 733 (Fla. 3d DCA 1982).

{41536343;2}

**[Note:  Compass does not agree on the language of this jury instruction.  It is Compass' position that eVestment's claim for Misappropriation of Trade Secrets is for the items Compass set forth in proposed jury instruction no. 16 at ¶ 1) as those are the categories of information purportedly taken by Compass as identified in eVestment's Response to Compass' Third Set of Interrogatories].**

## EVESTMENT'S PROPOSED FINAL JURY INSTRUCTION NO. 18

## EVESTMENT'S ALLEGED TRADE SECRET

eVestment alleges that the  compilation of thousands of separate data points about more than two thousands companies and more than 18,000 products is a trade secret.  eVestment alleges that the information compiled includes: (i) a complete list or compilation of investment managers that populate the eVestment database; (ii) the number and type of products that each investment manager populates in the eVestment database; (iii) a complete list or compilation of the direct contact information for the specific marketing professional associated with each listed product in the eVestment database; (iv) a complete list or compilation of the direct contact information for the specific database manager responsible for each listed product in the eVestment database; and (v) detailed information about each firm and its products including, but not limited to:

- total assets under management,
- historical assets under management,
- assets by geographic region,
- assets by type,
- taxable and tax exempt assets under management,
- number of portfolio managers,
- number of analysts,
- ownership information including percentages of employee ownership, parent ownership, or publicly held ownership,

{41536343;2}

50

- total number of accounts,
- accounts gained or lost for prior 2 years,
- five largest accounts by type,
- GIPS compliance,
- performance audit information,
- insurance information,
- firm background narrative,
- name of each listed product,
- asset class for each listed product,
- assets invested for each listed product,
- inception date for each listed product,
- historical annualized returns by product, and
- comparison of annualized returns by product to industry benchmarks.

GRANTED      _____      MODIFIED      _____

DENIED      _____      WITHDRAWN      _____

**Authority for Instruction**

None.  Transitional instruction.

**[Note: Compass does not agree on the language of this jury instruction due to its lack of completeness by not including the additional pertinent definitions as those set forth in Compass' proposed jury instruction no. 17].**

## EVESTMENT'S PROPOSED FINAL JURY INSTRUCTION NO. 19
## MISAPPROPRIATION DEFINED

The next issue for your determination on this claim is whether Compass misappropriated eVestment's trade secret.  "Misappropriation" means:

(a)     Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

(b)     Disclosure or use of a trade secret of another without express or implied consent by a person who:

    1.     Used improper means to acquire knowledge of the trade secret; or

    2.     At the time of disclosure or use, knew or had reason to know that her or his knowledge of the trade secret was:

        a.   Derived from or through a person who had utilized improper means to acquire it;

        b.   Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

        c.   Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

{41536343;2}

3.  Before a material change of her or his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

There are no technical limitations on the nature of conduct that constitutes "use" of a trade secret.  As a general matter, any exploitation of the trade secret that is likely to result in injury to the trade secret owner or enrichment to the party using the trade secret constitutes "use."

GRANTED  _____      MODIFIED  _____

DENIED  _____      WITHDRAWN  _____


**<u>Authority for Instruction</u>**

Fla. Stat. § 688.002, *VAS Aero Servs., LLC v. Arroyo*, 860 F.Supp.2d 1349, 1360 (S.D. Fla. 2012); *Sensormatic Electronics v. TAG Co. US, LLC*, 632 F.Supp.2d 1147, 1185 (S.D. Fla. 2008); *Penalty Kick Mgmt., Ltd. v. Coca Cola Co.*, 318 F.3d 1284, 1292 (11th Cir. 2003); *Four Seasons Hotel and Resorts, BV v. Consorcio Barr, S.A.,* 267 F.Supp.2d 1268, 1325 (S.D. Fla. 2003).

[Note:  The parties do not agree on the jury instruction for Damages for Misappropriation of Trade Secrets and propose alternative instructions as indicated].

Compass' Proposed Final Jury Instruction 20

## DAMAGES FOR MISAPPROPRIATION OF TRADE SECRETS

If you find that eVestment proved its claim for misappropriation of trade secrets, by a preponderance of the evidence, and Compass did not prove any of its affirmative defenses, by a preponderance of the evidence, you should award eVestment an amount of money that a preponderance of the evidence shows will fairly and adequately compensate eVestment for the damage legally caused by the misappropriation of its trade secrets.

Damages can include both the actual loss to eVestment caused by misappropriation and the unjust enrichment to Compass caused by the misappropriation that is not taken into account in computing actual loss. Actual loss may include eVestment's lost profits.  Unjust enrichment contemplates the disgorgement of Compass' profits that resulted from the misappropriation.

When some damage is proven to have resulted from misappropriation of a trade secret, and the uncertainty lies only in the amount of damages, you may award damages if there is proof of a reasonable basis from which the amount of damages can be inferred or approximated.

GRANTED      _____      MODIFIED          _____
DENIED        _____      WITHDRAWN     _____

{41536343;2}

**<u>Authority for Instruction</u>**

Sec. 688.004 Fla. Stat. (2007); *PSC v. PriceSmart*, Case No. 07-21383-CIV, 2007 WL 2781021 (S.D. Fla. Sept. 19, 2007), at *6; *Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F.Supp.2d 1271, 1291 (S.D. Fla. 2001); *VAS Aero Servs., LLC v. Arroyo*, 860 F.Supp.2d 1349, 1358 (S.D. Fla. 2012); *Sensormatic Electronics v. TAG Co. US, LLC*, 632 F.Supp.2d 1147, 1185 (S.D. Fla. 2008); *Levenger Company v. Feldman*, 516 F.Supp.2d 1272, 1286-87 (S.D. Fla. 2007).

**[Note:  Compass' proposed jury instructions on its Affirmative Defenses are set forth at proposed instructions numbers 29-35].**

**EVESTMENT'S PROPOSED FINAL JURY INSTRUCTION NO. 20**

**MISAPPROPRIATION OF TRADE SECRETS – AFFIRMATIVE DEFENSES AND DAMAGES**

If you find that eVestment did not prove, by a preponderance of the evidence, that the information as compiled in the eVestment Analytics Database is a trade secret, and that Compass misappropriated that trade secret, then your verdict should be for Compass on this claim.

However, if you find that eVestment did prove, by a preponderance of the evidence, that the information as compiled in the eVestment Analytics Database is a trade secret, and that Compass misappropriated that trade secret, then you must consider whether Compass proved its affirmative defenses of waiver and statute of limitations by a preponderance of the evidence.

**Affirmative Defense of Waiver**

As an affirmative defense to eVestment's claim for misappropriation of trade secrets, Compass claims that eVestment knew Compass was using eVestment's trade secret for nine years and therefore gave up its right to complain that such access was unauthorized.  This is called a "waiver."

To establish this defense, Compass must prove all of the following by a preponderance of the evidence:

1.      eVestment knew or should have known that Compass was accessing the Analytics Database and using the information therein for its own commercial purposes; and

2.      eVestment freely and intentionally gave up its right to claim that the Analytics Database was a trade secret, or that Compass' use of the information therein for its own commercial purposes was misappropriation of that trade secret.

{41536343;2}

A waiver may be oral or written or may arise from conduct which shows that eVestment gave up that right.

If Compass proves each of these elements by a preponderance of the evidence, then your verdict on the trade secret claim must be for Compass. If Compass fails to prove each of these elements by a preponderance of the evidence, then your verdict must be for eVestment, and you must consider the issue of damages.

## Affirmative Defense of Statute of Limitations

As a second affirmative defense to eVestment's trade secret claim, Compass asserts that eVestment failed to assert its trade secret claim within the applicable statute of limitations. On this defense, the issue for you to decide is whether eVestment filed its trade secret claim within three years of the time eVestment knew or should have known of Compass' misappropriation of trade secrets. Therefore, to establish this defense, Compass must prove by a preponderance of the evidence that eVestment knew or should have known of Compass' misappropriation of the Analytics Database and information contained therein prior to October 22, 2011 – which is three years prior to the date eVestment filed its counterclaims.

If you find that Compass proved by a preponderance of the evidence that eVestment knew or should have known of Compass' misappropriation of the Analytics Database and information contained therein prior to October 22, 2011, your verdict must be for Compass. If you find that Compass failed to prove by a preponderance of the evidence that eVestment knew or should have known of Compass' misappropriation of the Analytics Database and information contained therein prior to October 22, 2011, your verdict should be for eVestment on its claim for misappropriation of trade secrets, and you should award eVestment an amount of money that

a preponderance of the evidence shows will fairly and adequately compensate eVestment for the damage legally caused by the misappropriation of its trade secrets.

## Damages

Damages can include both the actual loss to eVestment caused by misappropriation and the unjust enrichment to Compass that is not taken into account in computing actual loss.  Actual loss may include eVestment's lost profits, lost customers or lost market share caused by the misappropriation.   Unjust enrichment contemplates the disgorgement of Compass' profits that resulted from the misappropriation.

When some damage is proven to have resulted from misappropriation of a trade secret, and the uncertainty lies only in the amount of damages, you may award damages if there is proof of a reasonable basis from which the amount of damages can be inferred or approximated.

GRANTED   _____    MODIFIED   _____
DENIED   _____    WITHDRAWN   _____

## Authority for Instruction

Fla. Stat. § 688.004; Fla. Stat. §688.007 (2016); *Premier Lab Supply, Inc. v. Chemplex Industries, Inc*., 94 So.3d 640 (Fla. 4th DCA 2012); *Sensormatic Electronics v. TAG Co. US, LLC*, 632 F.Supp.2d 1147, 1186-87 (S.D. Fla. 2008); *The Medical Store, Inc. v. AIG Claim Services, Inc*., Case No. 02-80513, 2003 WL 25669175 (S.D. Fla. October 17, 2003); *Perdue Farms, Inc. v. Hook,* 777 So.2d 1047 (Fla. 2nd DCA 2001); Florida Standard Jury Instruction 416.30 (modified); *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So.2d 707, 711 (Fla. 2005) ("Waiver" is the voluntary and intentional relinquishment of a known right.); *Bueno v. Workman*, 20 So.3d 993, 998 (Fla. 4th DCA 2009) (The elements necessary to establish waiver are:  the existence of a right, privilege, or advantage; the actual or constructive knowledge thereof; and an intention to relinquish that right, privilege, or advantage); *Winans v. Weber*, 979 So.2d 269, 274 (Fla. 2d DCA 2007).

.

{41536343;2}

## PROPOSED FINAL JURY INSTRUCTION NO. 21

## MISAPPROPRIATION OF TRADE SECRETS – WILLFUL AND MALICIOUS

If you find for eVestment and against Compass on the claim of misappropriation of trade secrets, you must determine whether Compass' misappropriation was willful and malicious.  An act is willful if it is done voluntarily, knowingly, and deliberately, intending the result that comes to pass.   An act is malicious if, in the context or light of the totality of the circumstances, it is inconsistent with the premise of a reasonable man pursuing a lawful objective, but rather indicates a plan or course of conduct motivated by spite, ill-will or other bad motive.

## Authority for Instruction

Fla. Stat. § 688.004*; Slip-N-Slide Records, Inc. v. TVT Records, LLC*, Case No. 05-21113, 2007 WL 3232274 (S.D. Fla. 2007) at *3; *Perdue Farms, Inc. v. Hook,* 777 So.2d 1047 (Fla. 2nd DCA 2001); Black's Law Dictionary (Sixth Ed. 1990).

**[Note:  The parties do not agree on the language for the Breach of Contract jury instruction and propose alternative instructions as indicated].**

**Compass' Proposed Final Jury Instruction No. 22**

### BREACH OF CONTRACT - TERMS OF SERVICE AGREEMENT

eVestment claims that when Compass used eVestment's website it agreed to be bound by eVestment's Terms of Service document governing use of the website.  Mutual assent is a prerequisite for the formation of any contract; this means, eVestment must prove by a preponderance of the evidence that Compass agreed to be bound by the terms of eVestment's Terms of Service document.

Because the eVestment website's Terms of Service are viewable by hyperlink or by reference, and don't require a user to specifically manifest assent (for example, click "I agree") before proceeding to use the website, it is called a browsewrap agreement.  Browsewrap agreements are enforceable contracts only if the user had actual or constructive knowledge of the website's terms and conditions prior to using the website.  Therefore, you must determine whether Compass had actual or constructive knowledge of the eVestment website's Terms of Service prior to using eVestment's website.  In order for Compass to be deemed to have "Constructive knowledge", eVestment must prove by a preponderance of the evidence that Compass had full and actual knowledge of the terms contained in the Terms of Service document prior to using eVestment's website.  A reference to the existence of certain terms is not sufficient to place a consumer on constructive notice of those terms.

If you find that Compass had actual or constructive knowledge of the Evestment website's Terms of Service, then the terms contained in that document constitute an enforceable

{41536343;2}

contract between these parties.  If, however, you find that Compass did not have actual or constructive knowledge of the eVestment website's Terms of Service, then there is no enforceable contract between the parties.

If you find that eVestment failed to prove that Compass agreed to be bound by the terms contained in the Terms of Service document, you must find against eVestment and for Compass on this Breach of Contract claim.

If you find that eVestment has proven that Compass agreed to be bound by the terms contained in eVestment website's Terms of Service document and, therefore, an enforceable contract exists between eVestment and Compass, you must then determine:

1)     Whether Compass breached the contract; and

3)     Whether as a result of Compass' breach of contract, eVestment was harmed, or suffered damages.

If eVestment proves the above elements by a preponderance of the evidence, you must then consider whether Compass has proven any of its affirmative defenses.  If you find that Compass has not proven any of its affirmative defenses, you must return a verdict in favor of eVestment for Breach of Contract.  If you find that Compass has proven any one of its affirmative defenses, you must return a verdict in favor of Compass and against eVestment.  If you find that eVestment failed to prove its claim for breach of contract by a preponderance of the evidence, you must return a verdict in favor of Compass on eVestment's Breach of Contract claim.

GRANTED      _____          MODIFIED          _____

DENIED         _____          WITHDRAWN     _____

{41536343;2}

## Authority for Instruction

*Friedman v. New York Life Ins. Co*., 958 So.2d 56 (Fla. 4th DCA 2008) (breach of contract elements);  Summary Judgment Order p. 33; *IT Strategies Group, Inc. v. Allday Consulting Group, LLC*, 975 F.Supp. 2d 1276, 1280 (S.D. Fla. 2013)(a reference to certain terms is not sufficient to deem a consumer as having constructive knowledge of those terms); *E.K.D v. Facebook, Inc.* 885 F.Supp.2d 894, 901-02 (S.D. Ill. 2012);  *Hines v. Overstock.com,* 668 F.Supp.2d 362, 366-67 (E.D.N.Y. 2009); *Southwest Airlines C. v. Boardfirst, LLC*, Case No. 3:06-cv-0891-B, 2007 WL 4823761 (N.D. Tx. 2007) at * 4-7; *Cairo, Inc. v. Crossmedia Services, Inc.,* Case No. 04-04825 JW, 2005 WL 756610 (N.D. Cal. 2005), at * 4-5; *Register.com, Inc. v. Verio, Inc.,* 356 F.3d 393, 401-404 (2d Cir. 2004); Black's Law Dictionary (Ninth Ed. 2009); *Boca Raton cmty. Hosp., Inc. v. Great-West Healthcare of Fla.*, 208 U.S. Dist. LEIS 20760, *15-16 (S.D. Fla. March 17, 2008)(doctrine of constructive knowledge requires full knowledge of the material facts).

**[Note:  Compass objects to eVestment's proposed final jury instruction Nos. 22 and 23 as the order of the jury instructions is misleading and confusing and they should be combined into one instruction].**

## EVESTMENT'S PROPOSED FINAL JURY INSTRUCTION NO. 22
## EVESTMENT'S COUNTERCLAIM[5] FOR BREACH OF CONTRACT

eVestment next claims that Compass breached a contract with it.  Specifically, eVestment claims that when Compass visited its website to input data for Compass clients, it entered into a binding contract, the terms of which are set forth on eVestment's website. eVestment claims that Compass breached this contract when it used its client's login credentials to access, view, and download information from the Analytics Database without eVestment's authorization, and used the information to market its own products in competition with eVestment.

The issues for your determination on this claim are:

1)      Whether a contract was created as set forth in the terms of service governing use of eVestment's website;

2)      Whether Compass breached the contract; and

3)      Whether eVestment was harmed, or suffered damages, as a result of Compass' breach of contract.

GRANTED      _____      MODIFIED      _____

DENIED      _____      WITHDRAWN      _____

**Authority for Instruction**

_____

[5]      Compass objects to eVestment using the word "counterclaim" as it will likely create confusion.  Instead, Compass believes that it should be substituted with the word "claim".
{41536343;2}

*Friedman v. New York Life Ins. Co.*, 985 So.2d 56 (Fla. 4th DCA 2008); *AmeriPath, Inc. v. Wetherington,* Case No. 10-60766, 2011 WL 1303804 (S.D. Fla. April 4, 2011).

## EVESTMENT'S PROPOSED FINAL JURY INSTRUCTION NO. 23

## BREACH OF CONTRACT - TERMS OF SERVICE AGREEMENT

A website's terms of service can create a binding contract between the user and the owner of the website.  Terms of  service that are viewable by hyperlink or by reference, but that don't require a user to specifically manifest assent before proceeding to use the website are called browsewrap agreements.  Browsewrap agreements are enforceable contracts if the user had actual or constructive knowledge of the website's terms and conditions. A party's failure to read or investigate the terms of a contract is not a defense to enforcement of that contract.[6]

Therefore, you must determine whether Compass had actual or constructive knowledge of the eVestment website's terms of service.  If you find that Compass had actual or constructive knowledge of the websites terms of service, then those terms of service constitute an enforceable contract between these parties.  If, however, you find that Compass did not have actual or constructive knowledge of the websites terms of service, then those terms of service do not create an enforceable contract between the parties.

"Constructive knowledge" is knowledge that one using reasonable care or diligence should have, and therefore is attributed by law to that person.

GRANTED        _____        MODIFIED        _____

DENIED        _____        WITHDRAWN        _____

_____

[6]  Compass objects to this statement as it is not a correct statement of law under the facts in this case.

{41536343;2}

## **Authority for Instruction**

Summary Judgment Order p. 33; *Hansen v. Wheaton Van Lines, Inc.*, 486 F.Supp.2d 1339, 1346 (S.D. Fla. 2006); Allied Van Lines, Inc. v. Bratton, 351 So.2d 344, 347 (Fla. 1977); *IT Strategies Group, Inc. v. Allday Consulting Group, LLC,* 975 F.Supp. 2d 1276, 1280 (S.D. Fla. 2013); *E.K.D v. Facebook, Inc.* 885 F.Supp.2d 894, 901-02 (S.D. Ill. 2012);  *Hines v. Overstock.com,* 668 F.Supp.2d 362, 366-67 (E.D.N.Y. 2009); *Southwest Airlines C. v. Boardfirst, LLC*, Case No. 3:06-cv-0891-B, 2007 WL 4823761 (N.D. Tx. 2007) at * 4-7; *Cairo, Inc. v. Crossmedia Services, Inc.,* Case No. 04-04825 JW, 2005 WL 756610 (N.D. Cal. 2005), at * 4-5; *Register.com, Inc. v. Verio, Inc.,* 356 F.3d 393, 401-404 (2d Cir. 2004); Black's Law Dictionary (Ninth Ed. 2009.

**[Note:   Compass  does  not  agree  on  the  language  of  this  jury  instruction.   Compass'**
**proposed  jury  instructions  on  its  Affirmative  Defenses  are  set  forth  at  proposed**
**instructions numbers 29-35.  Compass has proposed an alternative Damages instruction].**

## EVESTMENT'S PROPOSED FINAL JURY INSTRUCTION 24
### BREACH OF CONTRACT AFFIRMATIVE DEFENSES AND DAMAGES

If you find that eVestment failed to prove the elements for its breach of contract claim by

a preponderance of the evidence, then your verdict should be for 67 of my draftCompass on this

claim.  If, however, you find that eVestment proved the elements of its breach of contract claim

by  a  preponderance  of  the  evidence,  then  you  must  consider  whether  Compass  proved  its

affirmative defenses of waiver and statute of limitations by a preponderance of the evidence.

### Affirmative Defense of Waiver

As an affirmative defense to eVestment's claim for breach of contract, Compass claims

that eVestment knew Compass was breaching eVestment's Terms of Service by using Holland

Capital's  login  credentials  to  access,  view,  and  download  information  from  the  Analytics

Database without eVestment's authorization, and used the information to market its own products

in competition with eVestment, and therefore gave up its contractual rights to enforce the Terms

of Service and sue for such breach.  This is called a "waiver."

To establish this defense, Compass must prove by a preponderance of the evidence that

(1) Evestment knew or should have known that Compass had breached eVestment's Terms of

Service by using Holland Capital's login credentials to access, view, and download information

from  the  Analytics  Database  without  eVestment's  authorization,  and  using  the  information  to

market its own products in competition with eVestment, and (2) that it freely and intentionally

{41536343;2}

gave up its contractual rights to enforce the Terms of Service with respect to such breach. If you find that Compass proved these elements by a preponderance of the evidence, then your verdict on this claim must be for Compass.  If Compass fails to prove the elements of this affirmative defense by a preponderance of the evidence, then your verdict must be for eVestment, and you must consider the issue of damages.

### Affirmative Defense of Statute of Limitations

As a second affirmative defense to eVestment's breach of contract claim, Compass asserts that eVestment failed to assert its breach of contract claim within the required time period.  A claim for breach of contract must be filed within five years from the date eVestment knew or should have known Compass was breaching the Terms of Service by using Holland Capital's login credentials to access, view, and download information from the Analytics Database without eVestment's authorization, and using the information to market its own products in competition with eVestment.  Therefore, to establish this defense, Compass must prove by a preponderance of the evidence that eVestment knew or should have known that Compass was using Holland Capital's login credentials to access, view, and download information from the Analytics Database without eVestment's authorization, and using the information to market its own products in competition with eVestment prior to October 22, 2009 – five years prior to the date eVestment first asserted its counterclaim on October 22, 2014.

If you find that Compass proved by a preponderance of the evidence that eVestment knew or should have known that Compass was using Holland Capital's login credentials to access, view, and download information from the Analytics Database without eVestment's authorization, and using the information to market its own products in competition with eVestment prior to October 22, 2009, your verdict must be for Compass on this claim.  If,

{41536343;2}

67

however, you find that Compass did not prove by a preponderance of the evidence that eVestment knew or should have known that Compass was using Holland Capital's login credentials to access, view, and download information from the Analytics Database without eVestment's authorization, and using the information to market its own products in competition with eVestment prior to October 22, 2009, your verdict should be for eVestment, and you will consider the issue of damages.

## DAMAGES

If your verdict is for eVestment on the breach of contract claim, you should award eVestment an amount of money that a preponderance of the evidence shows will fairly and adequately compensate eVestment for its damages.  These are called compensatory damages. Compensatory damage is that amount of money which will put eVestment in as good a position as it would have been if Compass had not breached the contract and which naturally result from the breach.  Compensatory damages can include lost profits.

To be entitled to recover lost profits for breach of contract, eVestment must prove by a preponderance of the evidence that: (1) Compass' actions caused eVestment to lose profits; and (2) eVestment can establish the amount of its lost profits with reasonable certainty.

To establish the amount of its lost profits with reasonable certainty, eVestment must prove that a reasonable person would be satisfied that the amount of lost profits which it may be entitled to recover is not simply the result of speculation or guessing.  Instead, eVestment must prove that there is some standard by which the amount of lost profits may be established. eVestment does not have to be able to prove that the amount of lost profits can be calculated with

{41536343;2}

mathematical precision as long as it has shown there is a reasonable basis for determining the amount of the loss.

GRANTED     _____     MODIFIED     _____

DENIED     _____     WITHDRAWN     _____

## **Authority for Instruction**

Florida Standard Jury Instruction 504.2a ; *Capitol Environmental Svcs., Inc. v. Earth Tech, Inc.*, 25 So.3d 593, 596 (Fla. 1st DCA 2009); *Sharick v. Se. University of the Health Sciences, Inc.*, 780 So.2d 136, 139 (Fla. 3d DCA 2000); *Land Title of Central Fla., LLC v. Jimenez*, 946 So.2d 90, 93 (Fla. 5th DCA 2006) *Hardwick Properties, Inc. v. Newbern*, 711 So.2d 35, 40 (Fla. 1st DCA 1998) *Lanzalotti v. Cohen*, 113 So.2d 727, 731 (Fla. 3d DCA 1959); *Fla. E. Coast Railway Co. v. Peters*, 83 So. 559, 563 (Fla. 1919).

{41536343;2}

**Compass' Proposed Final Jury Instruction 24**

## <u>BREACH OF CONTRACT DAMAGES</u>

If you find for eVestment on its breach of contract claim, then you will consider the issue of damages.   You should award eVestment an amount of money that a preponderance of the evidence shows will fairly and adequately compensate eVestment for its damages caused by Compass breaching eVestment's Terms of Service document. These are called compensatory damages.  Compensatory damage is that amount of money which will put eVestment in as good a position as it would have been if Compass had not breached the contract and which naturally result from the breach.  Compensatory damages can include lost profits.

To be entitled to recover lost profits for breach of contract, eVestment must prove by a preponderance of the evidence that: (1) Compass' actions caused eVestment to lose profits; and (2) eVestment can establish the amount of its lost profits with reasonable certainty.

To establish the amount of its lost profits with reasonable certainty, eVestment must prove that a reasonable person would be satisfied that the amount of lost profits which it may be entitled to recover is not simply the result of speculation or guessing.  Instead, eVestment must prove that there is some standard by which the amount of lost profits may be established. eVestment does not have to be able to prove that the amount of lost profits can be calculated with mathematical precision as long as it has shown there is a reasonable basis for determining the amount of the loss.

GRANTED _____    MODIFIED _____
DENIED _____    WITHDRAWN _____

{41536343;2}

## **Authority for Instruction**

Florida Standard Jury Instruction 504.2a ; *Capitol Environmental Svcs., Inc. v. Earth Tech, Inc.*, 25 So.3d 593, 596 (Fla. 1st DCA 2009); *Sharick v. Se. University of the Health Sciences, Inc.*, 780 So.2d 136, 139 (Fla. 3d DCA 2000); *Land Title of Central Fla., LLC v. Jimenez*, 946 So.2d 90, 93 (Fla. 5th DCA 2006) *Hardwick Properties, Inc. v. Newbern*, 711 So.2d 35, 40 (Fla. 1st DCA 1998) *Lanzalotti v. Cohen*, 113 So.2d 727, 731 (Fla. 3d DCA 1959); *Fla. E. Coast Railway Co. v. Peters*, 83 So. 559, 563 (Fla. 1919).

[Note:  The parties do not agree on the language of the jury instruction for Tortious Interference and propose alternative instructions as indicated].

Compass' Proposed Final Jury Instruction 25

## EVESTMENT'S CLAIM FOR TORTIOUS INTERFERENCE

eVestment has brought a claim against Compass for tortious interference with eVestment's contractual relationship with Holland Capital Management, LLC.  The issues for you to decide are whether Compass intentionally interfered with a contract between eVestment and Holland Capital Management, LLC by obtaining the login credentials to eVestment's database from Holland Capital Management, LLC, and, if so, whether eVestment was damaged as a direct and proximate result of Compass' interference.

To prevail on this claim, eVestment must prove by a preponderance of the evidence that Compass induced or otherwise caused Holland Capital to breach or refuse to perform its contract with eVestment.

Interference is intentional if the person interfering has knowledge of the terms of the contract with which he or she is interfering, knows he or she is interfering, and desires to interfere or knows that interference is substantially certain to occur as a result of his or her action.

If you find that eVestment has not proven that Compass tortiously interfered with a contract between eVestment and Holland Capital Management, LLC by a preponderance of the evidence, then your verdict should be for Compass on this claim. However, if you find that eVestment has proven that Compass tortiously interfered with a contract between eVestment and Holland Capital Management, LLC by a preponderance of the evidence, then you must consider whether Compass has proven any of its affirmative defenses.  If you find that Compass has

{41536343;2}

proven any of its affirmative defenses by a preponderance of the evidence, then your verdict

should be for Compass and against eVestment on this claim.  If you find that Compass has not

proven any of its affirmative defenses by a preponderance of the evidence and eVestment has

proven that Compass tortiously interfered with a contract between eVestment and Holland

Capital Management, LLC, then your verdict should be for eVestment on this claim.


GRANTED   _____          MODIFIED          _____

DENIED   _____          WITHDRAWN          _____


## Authority for Instruction

Florida Standard Jury Instructions 408.4; Florida Standard Jury Instructions 408.6; *Marlite, Inc. v. Eckenrod*, 2012 WL 3620024 (S.D. Fla. 2012), at *12; *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.39 1290, 1321 (11th Cir. 1998); *Florida Tel. Corp. v. Essig*, 468 So.2d 543, 544 (Fla. 5th DCA 1985); St. *Joe Corp. v. McIver*, 875 So.2d 375, 381 (Fla. 2004); *Mangus v. Present*, 135 So.2d 417, 418 (Fla. 1961); *Robbie v. City of Miami*, 469 So.2d 1384, 1385 (Fla. 1985).

## EVESTMENT'S PROPOSED FINAL JURY INSTRUCTION NO. 25

## EVESTMENT'S COUNTERCLAIM[7] FOR TORTIOUS INTERFERENCE AND COMPASS' AFFIRMATIVE DEFENSES

eVestment has brought a claim against Compass for tortious interference with eVestment's contractual relationship with Holland Capital Management, LLC.  The issues for you to decide are whether Compass intentionally interfered with a contract between eVestment and Holland Capital Management, LLC by repeatedly obtaining Holland's confidential login credentials to eVestment's Analytics Database, knowing that such was a violation of the contract between Holland and eVestment, and, if so, whether such interference was a legal cause of damage to eVestment.

A person interferes with a contract between two other persons if he or she induces or otherwise causes one of them to breach or refuse to perform the contract.   Intentional interference with another person's contract is improper. Interference is intentional if the person interfering knows of the contract with which he or she is interfering, knows he or she is interfering, and desires to interfere or knows that interference is substantially certain to occur as a result of his or her action.

If you find that eVestment has not proven its tortious interference claim by a preponderance of the evidence, then your verdict should be for Compass on this claim. However, if a preponderance of the evidence supports eVestment's claim, then you must consider Compass' affirmative defenses of waiver and statute of limitations.

---

[7]      Compass objects to eVestment using the word "counterclaim" as it will likely create confusion.  Instead, Compass believes that it should be substituted with the word "claim".

{41536343;2}

74

**Affirmative Defense of Waiver**

As an affirmative defense to eVestment's claim for tortious interference, Compass claims that eVestment waived its right to object to claim that Compass' repeatedly obtaining Holland's confidential login credentials to eVestment's Analytics Database in violation of the contract between eVestment and Holland. To establish this defense, Compass must prove, by a preponderance of the evidence, (1) that Evestment knew or should have known that Compass had repeatedly obtained confidential login credentials from Holland Capital, knowing it violated the terms of eVestment's contract with Holland Capital, and (2) that eVestment freely and intentionally gave up its right to complain about such interference. If you find that Compass proved these elements by a preponderance of the evidence, then your verdict on this claim must be for Compass.  If you find that Compass failed to prove these elements by a preponderance of the evidence, then your verdict must be for eVestment, and you must consider the issue of damages.

**Affirmative Defense of Statute of Limitations**

As a second affirmative defense to eVestment's tortious interference count, Compass asserts that eVestment failed to assert such claim within the required time period, which for a tortious interference count, is within four years from the date that eVestment knew or should have known that Compass had repeatedly obtained confidential login credentials from Holland Capital, knowing it violated the terms of eVestment's contract with Holland Capital.  Therefore, to establish this defense, Compass must prove by a preponderance of the evidence that eVestment knew or should have known Compass repeatedly obtained confidential login credentials from Holland Capital, knowing it violated the terms of eVestment's contract with

Holland Capital, prior to October 22, 2010 – four years prior to the date eVestment first asserted its counterclaim on October 22, 2014.

If you find that Compass proved by a preponderance of the evidence that eVestment knew or should have known that Compass obtained confidential login credentials from Holland Capital, knowing it violated the terms of eVestment's contract with Holland Capital, prior to October 22, 2010, your verdict must be for Compass.  If you find that Compass failed to prove such affirmative defense by a preponderance of the evidence, then your verdict should be for eVestment and against Compass and you will consider the matter of damages.

GRANTED        _____        MODIFIED        _____

DENIED        _____        WITHDRAWN        _____

### Authority for Instruction

Florida Standard Jury Instructions 408.5; *TracFone Wireless, Inc. v. Adams*, 98 F.Supp.3d 1243, 1259 (S.D. Fla. 2015); *Marlite, Inc. v. Eckenrod*, Case No. 10-23641, 2012 WL 3620024 (S.D. Fla. 2012) at *12; *Salit v. Ruden, McClosky, Smith, Schuster & Russel,* P.A., 742 So.2d 381, 385 (Fla. 4th DCA 1999); *Tamiami Trail Tours, Inc. v.Cotton,* 463 So. 2d 1126, 1127 (Fla. 1985).

[Note:  The parties do not agree on the language of the jury instruction for Tortious Interference Damages and propose alternative instructions as indicated].

## EVESTMENT'S PROPOSED FINAL JURY INSTRUCTION NO. 26

## TORTIOUS INTERFERENCE - DAMAGES

If your verdict if for eVestment on it claim of tortious interference, you should award eVestment an amount of money that a preponderance of the evidence shows will fairly and adequately compensate eVestment for its damages.  Damages can include the pecuniary loss of the benefits of the contract and the consequential damages caused by the interference. Consequential damage is a loss or injury that does not flow directly and immediately from the act of the party, but from some of the consequences or results of such act.  Consequential damages can include lost profits.

GRANTED   _____        MODIFIED   _____

DENIED   _____          WITHDRAWN   _____

### Authority for Instruction

*JMA, Inc .v Biotronk SE & Co. KG*, Case No. 12-CV-23466, 2014 USDISTLEXIS 167748 (S.D. Fla. November 24, 2014); *Blueskygreenland Environmental Solutions, LLC v. 21st Century Plant Fund, LLC*, Case No. 12-81234, 2014 WL 3667874 (S.D. Fla. July 22, 2014); Black's Law Dictionary (Sixth Ed.).

{41536343;2}

**Compass' Proposed Final Jury Instruction No. 26**

## <u>TORTIOUS INTERFERENCE - DAMAGES</u>

If your verdict if for eVestment on it claim of tortious interference, you should award eVestment an amount of money that a preponderance of the evidence shows will fairly and adequately compensate eVestment for the damages that were caused by Compass' intentional interference with Holland Capital Management, LLC and eVestment's contract.  Damages can include the pecuniary loss of the benefits of the contract and the consequential damages caused by the interference.  Consequential damages can include lost profits.

GRANTED        _____        MODIFIED        _____

DENIED        _____        WITHDRAWN        _____

### <u>Authority for Instruction</u>

*JMA, Inc .v Biotronk SE & Co. KG*, Case No. 12-CV-23466, 2014 USDISTLEXIS 167748 (S.D. Fla. November 24, 2014); *Blueskygreenland Environmental Solutions, LLC v. 21st Century Plant Fund, LLC*, Case No. 12-81234, 2014 WL 3667874 (S.D. Fla. July 22, 2014); Black's Law Dictionary (Sixth Ed.).

**Proposed Final Jury Instruction No. 27**

**TORTIOUS INTERFERENCE – PUNITIVE DAMAGES**

If you find for eVestment  and against Compass on the claim of tortious interference, you must decide whether, in addition to compensatory damages, punitive damages are warranted as a punishment to Compass and as a deterrent to others.

Punitive damages are warranted against Compass if you find by clear and convincing evidence that Compass was guilty of intentional misconduct or gross negligence, which was a substantial cause of loss, injury or damage to eVestment.   Under those circumstances you may, in your discretion, award punitive damages against Compass. If clear and convincing evidence does not show such conduct by Compass, punitive damages are not warranted.

"Intentional misconduct" means that Compass had actual knowledge of the wrongfulness of the conduct and that there was a high probability of injury or damage to eVestment and, despite that knowledge, Compass intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence" means that Compass' conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of eVestment.

"Clear and convincing evidence" differs from a "preponderance of the evidence."  Clear and convincing evidence is a higher standard of proof than proof by a preponderance of the evidence.  It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain.

If you decide that punitive damages are warranted against Compass, then you must decide the amount of punitive damages, if any, to be assessed as punishment against Compass and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded.  You may in your discretion decline to assess punitive damages.

{41536343;2}

79

GRANTED _____     MODIFIED _____

DENIED _____     WITHDRAWN _____

**<u>Authority for Instruction</u>**

Florida Standard Jury Instructions 503.2; *Slip-N-Slide Records, Inc. v. TVT Records, LLC*, Case No. 05-21113, 2007 WL 3232274 (S.D. Fla. 2007) at *3; Gregg v. U.S. Industries, Inc., 887 F.2d 1462, 1476 (11th Cir. 1989).

**[Note: Evestment does not agree with Compass' instructions as to its affirmative defenses and has proposed affirmative defense instructions specific to each claim.  Evestment objects to jury instructions being given on the issue of agency, as that affirmative defense was disposed of by the Court in its summary judgment order.  Evestment objects to the balance of Compass' affirmative defenses, because other than waiver and statute of limitations, all other affirmative defenses are equitable in nature.]**

**Compass' Proposed Final Jury Instruction 28**

### TRANSITIONAL INSTRUCTION – COMPASS' AFFIRMATIVE DEFENSES

If you find that eVestment has proven any of its claims by a preponderance of the evidence, you must then determine whether Compass has proven any of its Affirmative Defenses by a preponderance of the evidence.  If you find that Compass has proven any of its Affirmative Defenses, you must return a verdict in favor of Compass.

GRANTED          _____          MODIFIED          _____
DENIED            _____          WITHDRAWN         _____

**Authority for Instruction**

Transitional instruction.

{41536343;2}

81

Compass' Proposed Final Jury Instruction 29

## COMPASS' AFFIRMATIVE DEFENSE – WAIVER

Compass claims eVestment waived or gave up its right to assert that Compass was doing something improper by using its client's login passwords to eVestment's database because eVestment knew or should have known that Compass was using its client's login passwords to eVestment's database in excess of nine years before it took any action.  This is called a "waiver,"

To establish this defense, Compass must prove all of the following:

1.  eVestment's right to have Compass stop using Compass' client's login passwords to eVestment's database actually existed;

2.  eVestment knew or should have known that it had the right to have Compass stop using Compass' client's login passwords to eVestment's database; and

3.  eVestment freely and intentionally gave up its right to have Compass stop using Compass' client's login passwords to eVestment's database.

A waiver may be oral or written or may arise from conduct which shows that eVestment gave up that right.

If Compass proves that eVestment gave up its right to assert that Compass was doing something improper by using its client's login passwords to eVestment's database, then Compass did not do anything improper by using its client's login passwords to eVestment's database.

GRANTED        _____        MODIFIED        _____

DENIED        _____        WITHDRAWN        _____

### Authority for Instruction

Florida Standard Jury Instruction 416.30.

{41536343;2}

82

**Compass' Proposed Final Jury Instruction No. 30**

## COMPASS' AFFIRMATIVE DEFENSE – EQUITABLE ESTOPPEL

Compass has raised the defense of equitable estoppel.  To establish this defense, Compass must prove all of the following:

1. eVestment concealed or was silent about the fact that it did not approve of Compass using its client's login passwords to eVestment's database at a time when eVestment knew of those facts;

2. Compass relied in good faith upon eVestment's inaction or silence; and

**3.** Compass' reliance on eVestment's inaction or silence caused Compass to continue to use its client's login passwords to eVestment's database.


GRANTED          _____          MODIFIED          _____

DENIED          _____          WITHDRAWN          _____


## Authority for Instruction

Florida Standard Jury Instruction 416.33; *IMX, Inc. v. E-Loan, Inc.*, 748 F. Supp. 2d 1354, 1360 (S.D. Fla. 2010)(equitable estoppel requires only misleading conduct suggesting that a claimant with not enforce its rights).

{41536343;2}

**Compass' Proposed Final Jury Instruction No. 31**

## <u>COMPASS' AFFIRMATIVE DEFENSE – LACHES</u>

Compass has raised the defense of Laches.  Laches is an unreasonable delay in pursuing a right or claim in a way that prejudices the opposing party and renders the granting of a claim inequitable.  Compass claims that eVestment knew of Compass' use of its clients login passwords, at the latest nine years ago and eVestment failed to previously object to Compass' use of its client's login passwords.

To establish this defense, Compass must prove the following:

1.    eVestment delayed filing suit for an unreasonable and inexcusable length of time from the time that eVestment knew or reasonably should have known of its claim against Compass; and

2.    that the delay operated to the prejudice or injury of Compass.

If a claim is filed after the analogous statute of limitations period has expired, the presumption is that laches is a bar to eVestment's lawsuit.  eVestment asserted its claims against Compass on October 22, 2014, and the statute of limitations associated with eVestment's claims are as follows:

Computer Fraud and Abuse Act – two (2) years from the date eVestment knew or should have suspected that Compass was accessing eVestment's database using its client's login passwords;

Florida's Trade Secrets Act – three (3) years from the date eVestment knew or should have known of Compass' misappropriation of trade secrets;

Breach of Contract – five (5) years from the date eVestment knew or should have known of Compass' breach of the contract; and

{41536343;2}

Tortious Interference with a Contractual Relationship – four (4) years from the date that eVestment knew or should have known that Compass was using its client's login passwords to eVestment's database.

| GRANTED | _____ | MODIFIED | _____ |
| DENIED | _____ | WITHDRAWN | _____ |

### **Authority for Instruction**

18 U.S.C. §1030(g)(2016)(CFAA statute of limitations is 2 years); Ashcroft v. Randel, 391 F. Supp. 2d 1214, 1219-20 (N.D. Ga. 2005)(citing *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)("[t]he statute of limitations clock begins to run when 'the facts which support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'"); Fla. Stat. §688.007 (2016)(Florida Trade Secrets Act has a three year statute of limitations); Fla. Stat. §95.11 (Breach of a written contract is a 5 year statute of limitations and tortious interference is a 4 year statute of limitations); *Cross Country Home Servs. v. Home Serv. United States Corp.,* 2010 U.S.Dis. LEXIS 4282, *29-31 (S.D. Fla. Jan. 20, 2010)(discussing elements of laches and presumption); *Suncast Techs., L.L.C. v. Patrician Prods., Inc.*, 2008 U.S. Dist. LEXIS 5072, *8-9 (S.D. Fla. January 17, 2008)(discussing the defense of laches).

**Compass' Proposed Final Jury Instruction No. 32**

## <u>COMPASS' AFFIRMATIVE DEFENSE – ACQUIESCENCE</u>

Compass has raised the defense of Acquiescence.  Acquiescence is a doctrine which is very similar to laches.  The difference between acquiescence and laches is that laches denotes passive consent and acquiescence denotes active consent.  To establish this defense, Compass must prove the following:

1.      eVestment actively represented that it would not assert a right or a claim;

2.      that the delay between the active representation and assertion of the right or claim was not excusable; and

3.      that the delay caused Compass undue prejudice.

If you find that Compass has proven the above elements, you must return a verdict in favor of Compass on eVestment's claims.  If you find that Compass has not proven the above elements and eVestment has proven its claim, you must return a verdict in favor of eVestment.

GRANTED       _____        MODIFIED          _____

DENIED         _____        WITHDRAWN      _____

## <u>Authority for Instruction</u>

*See Coach House Rest., Inc. Coach & Six Rests, Inc.,* 934 F.2d 1551, 1558-59 (11th Cir. 1991)(elements of defense of acquiescence).

{41536343;2}

**[eVestment objects to any instruction on Compass' purported "agency" defense because such defense was disposed of in the Court's summary judgment order]**

**Compass' Proposed Final Jury Instruction No. 33**

## COMPASS' AFFIRMATIVE DEFENSE – AGENCY

Compass has asserted the affirmative defense of Agency.  Compass asserts that it acted as a limited agent for its clients, including Holland Capital Management, with regard to entering eVestment's database and, therefore, Compass cannot be liable for eVestment's claims.

Agency is a relationship which results where one party, called the principal, authorizes another, called the agent, through words or actions, to act for the principal with more or less discretionary powers, in business dealings with third parties.  Thus, an agent steps into the shoes of his principal and acts for him pursuant to a grant of authority vested in him by his principal.

Compass contends that an agency relationship was created where Holland Capital entered into a contract with Compass for the maintenance and upload of data to research databases, including eVestment's database, and when Holland Capital affirmatively gave Compass its analytics login credentials.

To establish this defense, Compass must prove by a preponderance of the evidence that:

1.     Compass is an agent for Holland Capital; and

2.     Compass acted within the scope of the password provided to it by Holland Capital.

If you find that Compass has proven the above elements, you must return a verdict in favor of Compass on eVestment's claims.  If you find that Compass has not proven the above elements and eVestment has proven its claim, you must return a verdict in favor of eVestment.

GRANTED     _____       MODIFIED       _____

DENIED     _____       WITHDRAWN      _____

### Authority for Instruction

Restatement (Third) of Agency §§1.01, 1.03 (2007); *Seoul Broad. Sys. Int'l, Inc. v. LPGA & IMG Worldwide, Inc.*, 2010 U.S. Dist. LEXIS 50521, * 34 (M.D. Fla. May 21, 2010)(citing *Richard Bertram, Inc. v. Sterling Bank & Trust*, 820 So. 2d 963, 965 (Fla. 4th DCA 2002)("an agent acting within the scope of the agency relationship cannot be held liable for tortious interference with a contract where the principal is a party to the contract"); *Ceder Hills Properties Corp. v. Eastern Federal Corp*., 575 So. 2d 673 ("an agent of a corporate party to a contract, acting within his capacity and scope as an agent, cannot be considered to be a separate entity outside of the contractual relationship which can tortiously").

**Compass' Proposed Final Jury Instruction No. 34**

## <u>COMPASS' AFFIRMATIVE DEFENSE – UNCLEAN HANDS</u>

Compass has asserted the affirmative defense of unclean hands. Compass asserts that eVestment brought this lawsuit for improper reasons, such as draining Compass' limited resources and preventing Compass from competing with eVestment in the marketplace, and that eVestment knew that Compass had access to its analytics database for many years and took no action to advise Compass that it did not approve of it using its client's login passwords to eVestment's database.

To establish this defense, Compass must prove by a preponderance of the evidence that eVestment's wrongdoing is directly related to the claim against which it is asserted, and, even if directly related, Compass must show that it was personally injured by eVestment's wrongful conduct.

If you find that Compass has proven the above elements, you must return a verdict in favor of Compass on eVestment's claims. If you find that Compass has not proven the above elements and eVestment has proven its claim, you must return a verdict in favor of eVestment.

GRANTED       _____       MODIFIED       _____

DENIED       _____       WITHDRAWN       _____

## <u>Authority for Instruction</u>

*Regions Bank v. Old Jupiter*, LLC, 2010 U.S. Dist. LEXIS 131443, *16-17 (S.D. Fla. Dec. 13, 2010)(citing *Mitchell Bros Film Group v. Cinema Adult Theater*, 604 F. 2d 852, 865 n.26 (5th Cir. 1979)("[t]he unclean hands doctrine traditionally applies only to claims for equitable relief or in opposition to equitable defenses.").

{41536343;2}

**Compass' Proposed Final Jury Instruction No. 35**

## <u>COMPASS' AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS</u>

On the defense of statute of limitations, the issue for you to decide is whether eVestment filed each of the claims it brought against Compass within the time set by law.  eVestment filed its claims against Compass on October 22, 2014.

To establish this defense with respect to eVestment's claims under the Computer Fraud and Abuse Act ("CFAA"), Compass must prove that eVestment knew or should have suspected that Compass was accessing eVestment's database using its client's login passwords more than two (2) years before eVestment filed this claim against Compass (i.e., prior to October 22, 2012).

To establish this defense to eVestment's claims under the Florida's Trade Secrets Act, Florida Statute Chapter 688, Compass must prove that if a violation of the statute occurred, it occurred more than three (3) years before eVestment filed its claim against Compass (i.e., eVestment knew or should have known of Compass' misappropriation of trade secrets prior to October 22, 2011).

To establish this defense for eVestment's claim for Breach of Contract, Compass must prove that any breach of contract, if one in fact occurred, occurred more than five (5) years before eVestment filed its lawsuit (i.e., prior to October 22, 2006).

To establish this defense for eVestment's claim for Tortious Interference with a Contractual Relationship, Compass must prove that eVestment knew or should have known that Compass was using its client's login passwords to eVestment's database more than four (4) years prior to the date that eVestment filed its lawsuit (i.e., prior to October 22, 2007).

{41536343;2}

If you find that Compass has proven this defense for any of eVestment's claims, you must return a verdict in favor of Compass on that specific claim.  If you find that Compass has not proven this defense for any of eVestment's claims and eVestment has proven that specific claim, you must return a verdict in favor of eVestment.

GRANTED _____    MODIFIED _____

DENIED _____    WITHDRAWN _____

### Authority for Instruction

Florida Standard Jury Instruction 416.32.  The delayed discovery doctrine has not been applied to breach of contract actions in Florida.  *See Medical Jet, S.A. v. Signature Flight Support–Palm Beach, Inc.*, 941 So.2d 576, 578 (Fla. 4th DCA 2006) ("The supreme court rejected an expansion of the delayed discovery doctrine in *Davis v. Monahan*, 832 So.2d 708 (Fla. 2002).").

18 U.S.C. §1030(g)(2016)(CFAA statute of limitations is 2 years); Ashcroft v. Randel, 391 F. Supp. 2d 1214, 1219-20 (N.D. Ga. 2005)(citing *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)("[t]he statute of limitations clock begins to run when 'the facts which support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'"); Fla. Stat. §688.007 (2016)(Florida Trade Secrets Act has a three year statute of limitations); Fla. Stat. §95.11 (Breach of a written contract is a 5 year statute of limitations and tortious interference is a 4 year statute of limitations); *Cross Country Home Servs. v. Home Serv. United States Corp.,* 2010 U.S.Dis. LEXIS 4282, *29-31 (S.D. Fla. Jan. 20, 2010)(discussing elements of laches and presumption); *Suncast Techs., L.L.C. v. Patrician Prods., Inc.*, 2008 U.S. Dist. LEXIS 5072, *8-9 (S.D. Fla. January 17, 2008)(discussing the defense of laches).

### SOURCES AND AUTHORITIES FOR 416.32

1.  Section 95.11(2)(b), Florida Statutes (2011), provides that "[a] legal or equitable action on a contract, obligation or liability *founded on a written instrument* [other than for the recovery of real property], except for an action to enforce a claim against a payment bond, which shall be governed by the applicable provisions of ss. 255.05(1) and 713.23(1)(e)" shall be commenced within *five* years. (emphasis added).

2.  Section 95.11(3)(k), Florida Statutes (2011), provides that "[a] legal or equitable action on a contract, obligation or liability *not founded on a written instrument* [other than for the recovery of real property], including an action for the sale and delivery of goods, wares, and merchandise, and on store accounts" shall be commenced within *four* years. (emphasis added).

{41536343;2}

3.   In a breach of contract action, "it is well-established that a statute of limitations runs from the time of the breach," *BDI Const. Co. v. Hartford Fire Ins. Co.*, 995 So.2d 576, 578 (Fla. 3d DCA 2008), "not from the time when consequential damages result or become ascertained," *Medical Jet, S.A. v. Signature Flight Support–Palm Beach, Inc.*, 941 So.2d 576, 578 (Fla. 4th DCA 2006).

**Proposed Final Jury Instruction No. 36**

### <u>DUTY TO DELIBERATE WHEN ONLY THE COUNTERPLAINTIFF CLAIMS DAMAGES</u>

Of course, the fact that I have given you instructions concerning the issue of eVestment's damages should not be interpreted in any way as an indication that I believe that eVestment should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges— judges of the facts. Your only interest is to seek the truth from the evidence in the case.


GRANTED   _____          MODIFIED   _____
DENIED    _____          WITHDRAWN_____


### <u>Authority for Instruction</u>

Eleventh Cir. Judicial Council, Eleventh Cir. Pattern Jury Instn. (Civ.) 2013, Duty to Deliberate When Only the Plaintiff Claims  Damages, 3.8.1 (modified).

Proposed Instruction 37

## ELECTION OF FOREPERSON
## EXPLANATION OF VERDICT FORM

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible - either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response.  But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

GRANTED      _____      MODIFIED      _____

DENIED      _____      WITHDRAWN      _____

## Authority for Instruction

Eleventh Cir. Judicial Council, Eleventh Cir. Pattern Jury Instn. (Civ.) 2013, Election of Foreperson, Explanation of Verdict Form, §3.9.

{41536343;2}

94

### B.    Verdict Forms

The parties have attempted in good faith to come to an agreement on a joint proposed verdict form, but were unable to do so.  Therefore, the parties propose the following alternative verdict forms.

### 1.    eVestment's Proposed Verdict Form

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 9:14-cv-81241-KAM**

**COMPASS ITECH, LLC,**

　　　　　**Plaintiff/Counterdefendant,**

**v.**

**EVESTMENT ALLIANCE, LLC,**

　　　　　**Defendant/Counterplaintiff.**
_____/

### VERDICT FORM

We, the jury, return the following verdict:

### Computer Fraud and Abuse Act – Section 1030(a)(2)(C)

1.    Did eVestment prove, by a preponderance of the evidence, that Compass accessed  the eVestment computer or computer system without authorization, or in a manner that exceeded authorized access?

　　　　　　　Yes_____　　　　　　　　　　No_____

*If your answer to this question is no, then your verdict is for Compass on this count, and you should proceed directly to question 4.  If your answer to this question is yes, please proceed to question 2.*

{41536343;2}

2.      Did Compass prove, by a preponderance of the evidence, any of the following affirmative defenses:

(a) Waiver     Yes_____                              No_____

(b) Statute of Limitations

          Yes_____                              No_____

*If your answer to either to either 2(a) or 2(b) is yes,  then your verdict is for Compass on this count, and you should proceed directly to question 4.  If your answer to both 2(a) and 2(b) is no,  please proceed to question 3.*

3.      What is the total amount of damages you award to eVestment, if any, for Compass' violation of Section 1030(a)(2)(C) of the Computer Fraud and Abuse Act?

                                                                $_____

*Please proceed to question 4.*

## **Computer Fraud and Abuse Act – Section 1030(a)(4)**

4.      Did eVestment prove, by a preponderance of the evidence, that Compass accessed  the eVestment computer or computer system without authorization, or in a manner that exceeded authorized access?

          Yes_____                    No_____

*If your answer to this question is no, then your verdict is for Compass on this count, and you should proceed directly to question 8.  If your answer to this question is yes, please proceed to question 5.*

5.      Did eVestment prove, by a preponderance of the evidence, that Compass acted knowingly and with intent to defraud?

          Yes_____                    No_____

{41536343;2}

96

*If your answer to this question is no, then your verdict is for Compass on this count, and you should proceed directly to question 8.  If your answer to this question is yes, please proceed to question 6.*

6.      Did Compass prove, by a preponderance of the evidence, any of the following affirmative defenses:

(a)  Waiver     Yes_____                                     No_____

(b)  Statute of Limitations

            Yes_____                                     No_____

*If your answer to either to either 6(a) or 6(b) is yes,  then your verdict is for Compass on this count, and you should proceed directly to question 8.  If your answer to both 6(a) and 6(b) is no,  please proceed to question 7.*

7.      What is the total amount of damages you award to eVestment, if any, for Compass' violation of Section 1030(a)(4) of the Computer Fraud and Abuse Act?

                                                            $_____

*Please proceed to question 8.*

## **Misappropriation of Trade Secrets**

8.      Did eVestment prove, by a preponderance of the evidence, that the information as compiled in the eVestment Analytics Database is a trade secret owned or possessed by eVestment?

            Yes_____                                     No_____

*If your answer to this question is no, then your verdict is for Compass on this count, and you should proceed directly to question 13.  If your answer to this question is yes, please proceed to question 9.*

9.      Did eVestment prove, by a preponderance of the evidence, that Compass misappropriated a trade secret owned or possessed by eVestment?

            Yes_____                                     No_____

{41536343;2}

97

*If your answer to this question is no, then your verdict is for Compass on this count, and you should proceed directly to question 13. If your answer to this question is yes, please proceed to question 10.*

10.     Did Compass prove, by a preponderance of the evidence, any of the following affirmative defenses:

(a) Waiver     Yes_____                                    No_____

(b) Statute of Limitations

Yes_____                                    No_____

*If your answer to either to either 10(a) or 10(b) is yes, then your verdict is for Compass on this count, and you should proceed directly to question 13. If your answer to both 6(a) and 6(b) is no, please proceed to question 11.*

11.   What is the total amount of damages you award to eVestment, if any, for Compass' misappropriation of trade secrets?

$_____

*Please proceed to question 12.*

12.     Did eVestment prove, by a preponderance of the evidence, that Compass' misappropriation of trade secrets was willful and malicious?

Yes_____                              No_____

*Please proceed to question 13.*

**Breach of eVestment's Website Terms of Service**

13.     Did eVestment prove, by a preponderance of the evidence, that Compass had actual or constructive knowledge of the terms of service governing the use of eVestment's website?

Yes_____                              No_____

{41536343;2}

*If your answer to this question is no, then your verdict is for Compass on this count, and you should proceed directly to question 17.  If your answer to this question is yes, please proceed to question 14.*

14.     Did eVestment prove, by a preponderance of the evidence, that Compass breached the terms of service governing the use of eVestment's website?

Yes_____                                             No_____

*If your answer to this question is no, then your verdict is for Compass on this count, and you should proceed directly to question 17.  If your answer to this question is yes, please proceed to question 15.*

15.     Did Compass prove, by a preponderance of the evidence, any of the following affirmative defenses:

(a)  Waiver     Yes_____                              No_____

(b)  Statute of Limitations

Yes_____                              No_____

*If your answer to either to either 15(a) or 15(b) is yes,  then your verdict is for Compass on this count, and you should proceed directly to question 17.  If your answer to both 15(a) and 15(b) is no,  please proceed to question 16.*

16.     What is the total amount of damages you award to eVestment, if any, for Compass' breach of the terms of service governing the use of eVestment's website?

$_____

*Please proceed to question 17.*

## **Tortious Interference with Contract**

17.     Did eVestment prove, by a preponderance of the evidence, that it had a contract with Holland Capital Management and that Compass knew of the eVestment – Holland Capital Management contract?

Yes_____                                             No_____

*If your answer to this question is no, then your verdict is for Compass on this count, and your deliberations are complete.  You should sign and date this verdict form and notify the bailiff.  If your answer to this question is yes, please proceed to question 18.*

18.    Did eVestment prove, by a preponderance of the evidence, that Compass intentionally interfered with eVestment's contract with Holland Capital Management?

Yes_____                                        No_____

*If your answer to this question is no, then your verdict is for Compass on this count, and your deliberations are complete.  You should sign and date this verdict form and notify the bailiff.  If your answer to this question is yes, please proceed to question 19.*

19.    Did Compass prove, by a preponderance of the evidence, any of the following affirmative defenses:

(a)  Waiver    Yes_____                              No_____

(b)  Statute of Limitations

Yes_____                              No_____

*If your answer to either to either 19 (a) or 19 (b) is yes,  then your verdict is for Compass on this count, and your deliberations are complete.  You should sign and date this verdict form and notify the bailiff.   If your answer to both 19(a) and 19(b) is no,  please proceed to question 20.*

20.    What is the total amount of damages you award to eVestment, if any, for Compass' tortious interference with contract?

$_____

*Please proceed to question 21.*

21.     Did eVestment prove, by clear and convincing evidence, that Compass was guilty of intentional misconduct or gross negligence?

Yes_____                              No_____

*If your answer to this question is no, your deliberations are complete. Please sign and date this verdict form and notify the bailiff. If your answer to this question is yes, please proceed to question 22.*

22.     What is the amount of punitive damages, if any, that you award to eVestment as a punishment to Compass and as a deterrent to others?

$_____

*Your deliberations are complete. Please sign and date this verdict form and notify the bailiff.*

**SO SAY WE ALL, this ___ of _____, 2017.**


_____
                              **Foreperson**

{41536343;2}

**2.      Compass' Proposed Verdict Form**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 9:14-cv-81241-KAM

**COMPASS ITECH, LLC,**

                **Plaintiff/Counterdefendant,**

**v.**

**EVESTMENT ALLIANCE, LLC,**

                **Defendant/Counterplaintiff.**
_____/

### VERDICT FORM (Draft)
### (Subject to motion at charging conference)

We, the jury, return the following verdict:

### Computer Fraud and Abuse Act – Section 1030(a)(2)(C)

1.      Did eVestment prove, by a preponderance of the evidence, that Compass knew or had reason to believe, that the licensed users did not have permission to provide their log-in credentials to Compass to access the eVestment computer or computer system?

                Yes_____                          No_____

        *If your answer to this question is No, then your verdict is for Compass on this count, and you should proceed directly to question 10.  If your answer to this question is Yes, please proceed to question 2.*

2.      Did eVestment prove, by a preponderance of the evidence, that Compass was without authorization or exceeded authorized access which was provided by the licensed user?

                Yes_____                          No_____

{41536343;2}

*If your answer to this question is No, then your verdict is for Compass on this count, and you should proceed directly to question 10.  If your answer to this question is Yes, please proceed to question 3.*

## <u>Computer Fraud and Abuse Act – Section 1030(a)(4)</u>

*If you have answered Yes to questions 1 and 2 proceed with this question, otherwise please proceed to question 10.*

3.      Did eVestment prove, by a preponderance of the evidence, that Compass acted knowingly and with intent to defraud?

Yes_____                         No_____

*If your answer to this question is No, then your verdict is for Compass on this count, and you should proceed directly to question 10.  If your answer to this question is Yes you must consider the affirmative defenses that apply to these claims; please proceed to question 4.*

## <u>Affirmative Defense - Laches</u>

4.      Did Compass prove, by a preponderance of the evidence, that eVestment delayed in filing suit for an unreasonable and inexcusable length of time from when it knew or should have known of its claim and this was prejudicial to Compass?

Yes_____                         No_____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and you should proceed directly to question 10.  If your answer to this question is No, please proceed to question 5.*

## <u>Affirmative Defense - Waiver</u>

5.      Did Compass prove, by a preponderance of the evidence, that eVestment waived or gave up its rights to assert that Compass did anything improper?

Yes_____                         No_____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and you should proceed directly to question 10.  If your answer to this question is No, please proceed to question 6.*

## <u>Affirmative Defense - Equitable Estoppel</u>

6.      Did Compass prove, by a preponderance of the evidence, that eVestment concealed or was silent about the fact that it did not approve of Compass using its client's log-in which Compass relied upon?

Yes_____                          No_____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and you should proceed directly to question 10.  If your answer to this question is No, please proceed to question 7.*

## <u>Affirmative Defense – Agency</u>

7.      Did Compass prove, by a preponderance of the evidence, that Compass acted as a limited agent for its clients, with regard to entering eVestments database and acted within the scope of the log-in provided?

Yes_____                          No_____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and you should proceed directly to question 10.  If your answer to this question is No, please proceed to question 8.*

## <u>Affirmative Defense - Implied License</u>

8.      Did Compass prove, by a preponderance of the evidence, that eVestment by its conduct granted Compass permission to use its client's log-in?

Yes_____                          No_____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and you should proceed directly to question 10.  If your answer to this question is No, please proceed to question 9.*

9.      What is the total amount of damages you award to eVestment, if any, related to Compass' violation of Section 1030(a)(2)(C) and 1030(a)(4) of the Computer Fraud and Abuse Act?

$_____

## **Affirmative Defense - Statute of Limitations**

10.  What is the earliest date that eVestment should have known or suspected that Compass was accessing eVestment's database using its client's login passwords?

Insert Date_____

## **Misappropriation of Trade Secret**

11.     Did eVestment prove, by a preponderance of the evidence, that the information compiled in the eVestment Analytics Database, which was viewed by Compass, qualifies as a trade secret owned or possessed by eVestment?

Yes_____                    No_____

*If your answer to this question is No, then your verdict is for Compass on this count, and you should proceed directly to question 24.  If your answer to this question is Yes, please proceed to question 12.*

12.     Did eVestment prove, by a preponderance of the evidence, that the information compiled in the eVestment Analytics Database, which was viewed by Compass, derives independent economic value, actual or potential, from not being  generally known to other persons who can obtain economic value from its disclosure or use?

Yes_____                    No_____

*If your answer to this question is No, then your verdict is for Compass on this count, and you should proceed directly to question 24.  If your answer to this question is Yes, please proceed to question 13.*

13.     Did eVestment prove, by a preponderance of the evidence, that the information, compiled in the eVestment Analytics Database which was viewed by Compass, derives independent economic value, actual or potential, from not being readily ascertainable by proper means by other persons who can obtain economic value from its use or disclosure?

Yes_____                    No_____

*If your answer to this question is No, then your verdict is for Compass on this count, and you should proceed directly to question 24.  If your answer to this question is Yes, please proceed to question 14.*

14.    Did eVestment prove, by a preponderance of the evidence, that the information viewed by Compass is a misappropriation of a trade secret owned or possessed by eVestment?

Yes_____                              No_____

*If your answer to this question is No, then your verdict is for Compass on this count, and you should proceed directly to question 24.  If your answer to this question is Yes, please proceed to question 15.*

15.    Did eVestment prove, by a preponderance of the evidence, that the information, compiled in the eVestment Analytics Database which was viewed by Compass, was subject to efforts that are reasonable under the circumstances to maintain its secrecy?

Yes_____                              No_____

*If your answer to this question is No, then your verdict is for Compass on this count, and you should proceed directly to question 24.  If your answer to this question is Yes, please proceed to question 16.*

16.    Did eVestment prove, by a preponderance of the evidence, that the information, compiled in the eVestment Analytics Database which was viewed by Compass, is causally related to any damages claimed by eVestment?

Yes_____                              No_____

*If your answer to this question is No, then your verdict is for Compass on this count, and you should proceed directly to question 24.  If your answer to this question is Yes, you must consider the affirmative defenses that apply to these claims; please proceed to question 17.*

## **Affirmative Defense - Laches**

17.    Did Compass prove, by a preponderance of the evidence, that eVestment delayed in filing suit for an unreasonable and inexcusable length of time from when it knew or should have known of its claim and this was prejudicial to Compass?

Yes_____                              No_____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and you should proceed directly to question 24.  If your answer to this question is No, please proceed to question 18.*

## **Affirmative Defense - Waiver**

18.     Did Compass prove, by a preponderance of the evidence, that eVestment waived or gave up its rights to assert that Compass did anything improper?

                    Yes_____                          No____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and you should proceed directly to question 24.  If your answer to this question is No, please proceed to question 19.*

## **Affirmative Defense - Equitable Estoppel**

19.     Did Compass prove, by a preponderance of the evidence, that eVestment concealed or was silent about the fact that it did not approve of Compass using its client's log-in which Compass relied upon?

                    Yes_____                          No_____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and you should proceed directly to question 24.  If your answer to this question is No, please proceed to question 20.*

## **Affirmative Defense - Agency**

20.     Did Compass prove, by a preponderance of the evidence, that Compass acted as a limited agent for its clients, with regard to entering eVestments database and acted within the scope of the log-in provided?

                    Yes_____                          No_____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and you should proceed directly to question 24.  If your answer to this question is No, please proceed to question 21.*

## **Affirmative Defense - Implied License**

21.     Did Compass prove, by a preponderance of the evidence, that eVestment by its conduct granted Compass permission to use its client's log-in?

                    Yes_____                          No_____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and you should proceed directly to question 24.  If your answer to this question is No, please proceed to question 22.*

{41536343;2}

22.  What is the total amount of damages you award to eVestment, if any, related to Compass' misappropriation of trade secrets?

$_____

*Please proceed to question 23.*

23.   Did eVestment prove, by a preponderance of the evidence, that Compass' misappropriation of trade secret was willful and malicious?

Yes_____                         No_____

*Please proceed to question 24.*

## **Breach of eVestment's Website Terms of Service**

24.   Did eVestment prove, by a preponderance of the evidence, that Compass had actual or constructive knowledge of the terms of service governing the use of eVestment's website, prior to using the website?

Yes_____                         No_____

*If your answer to this question is No, then your verdict is for Compass on this count, and you should proceed directly to question 32.  If your answer to this question is Yes, please proceed to question 25.*

25.   Did eVestment prove, by a preponderance of the evidence, that Compass breached the terms of service governing the use of eVestment's website?

Yes_____                         No_____

*If your answer to this question is No, then your verdict is for Compass on this count, and you should proceed directly to question 32.  If your answer to this question is Yes, you must consider the affirmative defenses that apply to these  claims; please proceed to question 26.*

{41536343;2}

## **Affirmative Defense – Laches**

26.     Did Compass prove, by a preponderance of the evidence, that eVestment delayed in filing suit for an unreasonable and inexcusable length of time from when it knew or should have known of its claim and this was prejudicial to Compass?

Yes_____                                   No_____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and you should proceed directly to question 32.  If your answer to this question is No, please proceed to question 27.*

## **Affirmative Defense - Waiver**

27.     Did Compass prove, by a preponderance of the evidence, that eVestment waived or gave up its rights to assert that Compass did anything improper?

Yes_____                                   No____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and you should proceed directly to question 32.  If your answer to this question is No, please proceed to question 28.*

## **Affirmative Defense - Equitable Estoppel**

28.     Did Compass prove, by a preponderance of the evidence, that eVestment concealed or was silent about the fact that it did not approve of Compass using its client's log-in which Compass relied upon?

Yes_____                                   No_____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and you should proceed directly to question 32.  If your answer to this question is No, please proceed to question 29.*

## **Affirmative Defense - Agency**

29.     Did Compass prove, by a preponderance of the evidence, that Compass acted as a limited agent for its clients, with regard to entering eVestments database and acted within the scope of the log-in provided?

Yes_____                                   No_____

{41536343;2}

*If your answer to this question is Yes, then your verdict is for Compass on this count, and you should proceed directly to question 32.  If your answer to this question is No, please proceed to question 30.*

### Affirmative Defense - Implied License

30.     Did Compass prove, by a preponderance of the evidence, that eVestment in its conduct granted Compass permission to use its client's log-in?

Yes_____                               No_____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and you should proceed directly to question 32.  If your answer to this question is No, please proceed to question 31.*

31.     What is the total amount of damages you award to eVestment, if any, related to Compass' breach of the terms of service governing the use of eVestment's website?

$_____

*Please proceed to question 32.*

### Tortious Interference with Contract

32.     Did eVestment prove, by a preponderance of the evidence, that it had a contract with Holland Capital Management and that Compass knowledge of the terms of the contract between eVestment and Holland Capital Management?

Yes_____                               No_____

*If your answer to this question is No, then your verdict is for Compass on this count, and your deliberations are complete.  You should sign and date this verdict form and notify the bailiff.  If your answer to this question is yes, please proceed to question 33.*

33.     Did eVestment prove, by a preponderance of the evidence, that Compass intentionally interfered with eVestment's contract with Holland Capital Management?

Yes_____                               No_____

*If your answer to this question is No, then your verdict is for Compass on this count, and your deliberations are complete.  You should sign and date this verdict form and notify the bailiff.  If your answer to this question is Yes, you must consider the affirmative defenses that apply to these claims; please proceed to question 34.*

{41536343;2}

## **Affirmative Defense – Laches**

34.     Did Compass prove, by a preponderance of the evidence, that eVestment delayed in filing suit for an unreasonable and inexcusable length of time from when it knew or should have known of its claim and this was prejudicial to Compass?

Yes_____                                   No_____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and your deliberations are complete.  You should sign and date this verdict form and notify the bailiff.  If your answer to this question is No, please proceed to question 35.*

## **Affirmative Defense – Waiver**

35.     Did Compass prove, by a preponderance of the evidence, that eVestment waived or gave up its rights to assert that Compass did anything improper?

Yes_____                                   No_____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and your deliberations are complete.  You should sign and date this verdict form and notify the bailiff.  If your answer to this question is No, please proceed to question 36.*

## **Affirmative Defense - Equitable Estoppel**

36.     Did Compass prove, by a preponderance of the evidence, that eVestment concealed or was silent about the fact that it did not approve of Compass using its client's log-in which Compass relied upon?

Yes_____                                   No_____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and your deliberations are complete.  You should sign and date this verdict form and notify the bailiff.  If your answer to this question is No, please proceed to question 37.*

## **Affirmative Defense – Agency**

37.     Did Compass prove, by a preponderance of the evidence, that Compass acted as a limited agent for its clients, with regard to entering eVestments database and acted within the scope of the log-in provided?

Yes_____                                   No_____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and your deliberations are complete. You should sign and date this verdict form and notify the bailiff. If your answer to this question is No, please proceed to question 38.*

### **Affirmative Defense - Implied License**

38.    Did Compass prove, by a preponderance of the evidence, that eVestment in its conduct granted Compass permission to use its client's log-in passwords?

Yes\_\_\_\_\_                              No_____

*If your answer to this question is Yes, then your verdict is for Compass on this count, and your deliberations are complete. You should sign and date this verdict form and notify the bailiff. If your answer to this question is No, please proceed to question 39.*

39.    What is the total amount of damages you award to eVestment, if any, related to Compass' tortious interference with contract?

$_____

*Please proceed to question 40.*

### **Affirmative Defense - Statute of Limitations**

40.  What is the earliest date that eVestment knew or should have known that Compass was using its client's login passwords?

Insert Date_____

*Please proceed to question 41.*

41.    Did eVestment prove, by clear and convincing evidence, that Compass was personally guilty of intentional misconduct in an outrageous manner or with fraud, malice, wantonness or oppression by Compass?

Yes\_\_\_\_\_                              No_____

*If your answer to this question is no, your deliberations are complete. Please sign and date this verdict form and notify the bailiff. If your answer to this question is yes, please proceed to question 42.*

{41536343;2}

42.     What is the amount of punitive damages, if any, that you award to eVestment as a punishment for extreme wrongdoing by Compass and as a deterrent to others?

$_____

*Your deliberations are complete.  Please sign and date this verdict form and notify the bailiff.*

**SO SAY WE ALL, this ___ of _____, 2017.**


_____
**Foreperson**