**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 9:14-cv-81241-KAM**

**EVESTMENT ALLIANCE, LLC,**

      **Plaintiff**

**v.**

**COMPASS ITECH, LLC,**

      **Defendant.**
_____/

## COURT'S JURY INSTRUCTIONS

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called

deliberations.

1

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.

There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

In this case, it is the responsibility of eVestment, as the party bringing the claims, to prove every essential part of its claims by a "preponderance of the evidence."   This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that eVestment's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against eVestment.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of eVestment's claims by a preponderance of the evidence, you should find for Compass as to that claim.

In this case, Compass has asserted certain affirmative defenses. Even if eVestment proves a claim by a preponderance of the evidence, Compass can prevail on that claim if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that Compass does not have to disprove eVestment's claims, but if Compass raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

eVestment claims that Compass committed computer fraud in violation of section 1030(a)(2)(c) of Title 18 of the United States Code, which is part of the Federal Computer Fraud and Abuse Act. In order to prevail, eVestment must prove each of the following elements by a preponderance of the evidence:

1)    Compass intentionally accessed a "computer" or computer system of eVestment;

2)    Compass accessed the eVestment computer or computer system without authorization, or exceeded authorized access;

3)    Compass obtained information from the eVestment computer or computer system; and

4)    eVestment suffered loss of at least $5,000 as a result of Compass' actions.

As a result of prior proceedings in this case, the Court has already made certain factual findings relevant to eVestment's Computer Fraud and Abuse Act claims. Specifically, the Court has determined that the following facts have been proven in this case:

- Compass intentionally accessed a computer or computer system of eVestment, namely, the eVestment "Analytics Database";
- Compass accessed eVestment's Analytics Database by utilizing the usernames and passwords of eVestment paying clients, mostly that of Billie Mallie at Holland Capital Management;
- eVestment did not authorize Compass to access the Analytics Database;
- Holland Capital did not have the legal authority to permit Compass to use its username and password in order to access eVestment's Analytics Database;
- Compass obtained information from eVestment's computer or computer system; and
- eVestment has satisfied the requirement of showing $5,000 of loss.

You are instructed that you must accept these findings of fact as true and apply them as if they were fully established at this trial.

Therefore, the only issue remaining for your determination on this claim is whether Compass accessed the eVestment computer or computer system without authorization, or exceeded authorized access?  The term "exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accessor is not entitled to obtain or alter.

Compass alleges that Holland Capital Management authorized it to use the Billie Mallie username and password to access the eVestment's Analytics Database without restriction, including the right to access information about companies other than Holland Capital Management.  If you find, by a preponderance of the evidence, that Holland Capital Management did not authorize Compass to use its login credentials to access this information in the eVestment's Analytics Database, you must find that Compass acted without authorization or exceeded its authorized access, and you must consider whether Compass proved its affirmative defenses, which I will go through with you shortly.

If, however, you find, by a preponderance of the evidence, that Holland Capital Management authorized Compass to use the Billie Mallie username and password to access information about companies other than Holland Capital Management in the Analytics Database, then your deliberations on this issue are not concluded.

As I already explained to you, this Court has determined that Holland Capital Management lacked the legal authority to grant Compass access to eVestment's Analytics Database.  To find that Compass violated the Act by using login credentials of Holland Capital Management, you must find, by a preponderance of the evidence, that Compass knew, or had

reason to believe, that Holland Capital Management lacked the authority to grant Compass access to eVestment's Analytics Database.

If you find that eVestment failed to prove by a preponderance of the evidence that Compass knew or had reason to believe that Holland Capital Management lacked authority to grant Compass access to eVestment's database, then your verdict should be for Compass on this claim. If, however, you find, by a preponderance of the evidence, that eVestment established that Compass knew or had reason to believe that Holland Capital Management lacked authority to grant Compass access to eVestment's database, then, again, you must determine whether Compass proved its affirmative defenses by a preponderance of the evidence, consistent with these instructions.

eVestment also claims that Compass violated 1030(a)(4) of the Computer Fraud and Abuse Act.   The elements for a claim under this section are:

1)      Compass knowingly and with intent to defraud;

2)      accessed a computer or computer system of eVestment without authorization or exceeding authorized access;

3)      obtained something of value; and

4)      caused a loss of at least $5,000.

This Court has already determined that Compass accessed a computer or computer system of eVestment and caused a loss of at least $5,000.   Therefore, the issues for your determination on this claim are (i) whether Compass' access was "without authorization" or "exceeded authorized access"; (ii) whether Compass acted "knowingly and with intent to defraud"; and (3) whether Compass obtained something of value.

Regarding whether Compass' access was without authorization or exceeded authorized access, the prior instruction applies.   Regarding whether Compass acted knowingly and with intent to defraud, you are instructed that "intent to defraud" means wrongdoing whereby Compass participated in dishonest methods to obtain Holland Capital Management's login passwords to access eVestment's Analytics Database.

 If you find that eVestment failed to prove by a preponderance of the evidence that (i) Compass' access to the eVestment Analytics Database was "without authorization" or "exceeded authorized access", (ii) that Compass acted "knowingly and with intent to defraud," and (iii) that Compass obtained something of value, then your verdict should be for Compass on this claim. If, however, you find that eVestment established these elements by a preponderance of the

evidence, then you must consider whether Compass proved its affirmative defenses by a preponderance of the evidence, consistent with these instructions.

If you determine that Compass proved any of its affirmative defenses by a preponderance of the evidence, consistent with these instructions, your verdict must be for Compass on this claim.   If you determine that Compass failed to prove any of its affirmative defenses, your verdict must be for eVestment on this claim, and you must consider the issue of damages.

If you find that Compass violated the Computer Fraud and Abuse Act and you find that Compass did not prove any of its affirmative defenses, you may award eVestment compensatory damages. Compensatory damages are damages sufficient in amount to compensate the injured for the loss suffered as a result of Compass' improper actions.  Such a sum of money will make eVestment whole again or, as far as a sum of money can, put eVestment back in the same position it was in, or would have been in, had Compass not violated the Computer Fraud and Abuse Act.

Compensatory damages are limited to "economic damages."  The term "economic damages" does not include damages for pain and suffering or emotional distress.

Compensatory damages may include:

(i) any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and

(ii) any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

It is eVestment's burden to prove its damages by a preponderance of the evidence.

14

eVestment claims that Compass violated the Florida Uniform Trade Secrets Act.

For eVestment to recover on its misappropriation of trade secrets claim, eVestment must prove by a preponderance of the evidence that:

1)      the compilation of information in the eVestment Analytics Database is a "trade secret" owned or possessed by eVestment;

       and

2)      Compass "misappropriated" the trade secret.

If you find that eVestment has not proven all of the above elements by a preponderance of the evidence, then your verdict should be against eVestment and for Compass on this claim. If you find that eVestment proved all of these elements by a preponderance of the evidence, then you must consider whether Compass proved its affirmative defenses by a preponderance of the evidence.

If you determine that Compass proved any of its affirmative defenses by a preponderance of the evidence, your verdict must be against eVestment and for Compass on this claim.  If you find that eVestment proved all of the above elements by a preponderance of the evidence and Compass has not proven any of its affirmative defenses, then your verdict should be for eVestment and you will consider the issue of damages.

The first issue for your determination on this claim is whether the compilation of information in the eVestment Analytics Database is a trade secret owned or possessed by eVestment.  "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that:

(a)      Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(b)      Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

A "trade secret" may be a unique combination of publicly-available components if the combination satisfies the requirements of the definition of "trade secret" above.

The next issue for your determination on this claim is whether Compass misappropriated eVestment's trade secret. "Misappropriation" means:

(a)     Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

(b)     Disclosure or use of a trade secret of another without express or implied consent by a person who:

    1.     Used improper means to acquire knowledge of the trade secret; or

    2.    At the time of disclosure or use, knew or had reason to know that her or his knowledge of the trade secret was:

        a.   Derived from or through a person who had utilized improper means to acquire it;

        b.   Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

        c.   Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

    3.   Before a material change of her or his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

The term "improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of duty to maintain secrecy, or espionage through electronic or other means.

17

If you find that eVestment proved its claim for misappropriation of trade secrets, by a preponderance of the evidence, and Compass did not prove any of its affirmative defenses, by a preponderance of the evidence, you should award eVestment an amount of money that a preponderance of the evidence shows will fairly and adequately compensate eVestment for the damage legally caused by the misappropriation of its trade secrets.

Damages can include both the actual loss to eVestment caused by misappropriation and the unjust enrichment to Compass caused by the misappropriation that is not taken into account in computing actual loss. Actual loss may include eVestment's lost profits, lost customers or lost market share caused by the misappropriation.  Unjust enrichment contemplates the disgorgement of Compass' profits that resulted from the misappropriation.

When some damage is proven to have resulted from misappropriation of a trade secret, and the uncertainty lies only in the amount of damages, you may award damages if there is proof of a reasonable basis from which the amount of damages can be inferred or approximated.

If you find for eVestment and against Compass on the claim of misappropriation of trade secrets, you must determine whether Compass' misappropriation was willful and malicious.  An act is willful if it is done voluntarily, knowingly, and deliberately, intending the result that comes to pass.   An act is malicious if, in the context or light of the totality of the circumstances, it is inconsistent with the premise of a reasonable man pursuing a lawful objective, but rather indicates a plan or course of conduct motivated by spite, ill-will or other bad motive.

eVestment next claims that Compass breached a contract with it.  Specifically, eVestment claims that when Compass visited its website to input data for Compass clients, it entered into a binding contract, the terms of which are set forth on eVestment's website.   eVestment claims that Compass breached this contract when it used its client's login credentials to access, view, and download information from the Analytics Database without eVestment's authorization, and used the information to market its own products in competition with eVestment.

The issues for your determination on this claim are:

1)  Whether a contract was created as set forth in the terms of service governing use of eVestment's website;

2)  Whether Compass breached the contract; and

3)  Whether eVestment was harmed, or suffered damages, as a result of Compass' breach of contract.

If eVestment proves the above elements by a preponderance of the evidence, you must then consider whether Compass has proven any of its affirmative defenses.  If you find that Compass has not proven any of its affirmative defenses, you must return a verdict in favor of eVestment on this claim.  If you find that Compass has proven any one of its affirmative defenses, you must return a verdict in favor of Compass and against eVestment.  If you find that eVestment failed to prove its claim for breach of contract by a preponderance of the evidence, you must return a verdict in favor of Compass on this claim.

The first issue for your determination on this claim is whether a contract was created. eVestment claims that when Compass used eVestment's website to upload data for Compass clients, Compass agreed to be bound by eVestment's terms of service governing use of the website.

Because the eVestment website's terms of service are viewable by hyperlink or by reference, and don't require a user to specifically manifest assent (for example, click "I agree") before proceeding to use the website, it is called a browsewrap agreement. Browsewrap agreements are enforceable contracts only if the user had actual or constructive knowledge of the website's terms and conditions when using the website.

Therefore, you must determine whether Compass had actual or constructive knowledge of the eVestment website's terms of service when using eVestment's website. A user has "constructive knowledge" of a website's terms of service if a reasonably prudent user would have been put on notice of the terms of service when using the website.

If you find that Compass had actual or constructive knowledge of the Evestment website's terms of service when using the website, then the terms constitute an enforceable contract between these parties and you must continue your consideration of the breach of contract claim as explained in the last instruction. If, however, you find that Compass did not have actual or constructive knowledge of the eVestment website's terms of service, then there is no enforceable contract between the parties, and you must find against eVestment and for Compass on the breach of contract claim.

If you find that eVestment proved the elements of its breach of contract claim by a preponderance of the evidence, and that Compass did not prove any of its affirmative defenses by a preponderance of the evidence, then you should award eVestment an amount of money that a preponderance of the evidence shows will fairly and adequately compensate eVestment for its damages.  These are called compensatory damages.  Compensatory damage is that amount of money which will put eVestment in as good a position as it would have been if Compass had not breached the contract and which naturally result from the breach.  Compensatory damages can include lost profits.

To be entitled to recover lost profits for breach of contract, eVestment must prove by a preponderance of the evidence that: (1) Compass' actions caused eVestment to lose profits; and (2) eVestment can establish the amount of its lost profits with reasonable certainty.

To establish the amount of its lost profits with reasonable certainty, eVestment must prove that a reasonable person would be satisfied that the amount of lost profits which it may be entitled to recover is not simply the result of speculation or guessing.  Instead, eVestment must prove that there is some standard by which the amount of lost profits may be established.  eVestment does not have to be able to prove that the amount of lost profits can be calculated with mathematical precision as long as it has shown there is a reasonable basis for determining the amount of the loss.

eVestment has brought a claim against Compass for tortious interference with eVestment's contractual relationship with Holland Capital Management, LLC.  The issues for you to decide are whether Compass intentionally interfered with a contract between eVestment and Holland Capital Management, LLC, and, if so, whether eVestment was damaged as a direct and proximate result of Compass' interference.

A person interferes with a contract between two other persons if he or she induces or otherwise causes one of them to breach or refuse to perform the contract.  Interference is intentional if the person interfering knows of the term of the contract with which he or she is interfering, knows he or she is interfering, and desires to interfere or knows that interference is substantially certain to occur as a result of his or her action.

If you find that eVestment has not proven that Compass tortiously interfered with a contract between eVestment and Holland Capital Management, LLC by a preponderance of the evidence, then your verdict should be for Compass on this claim. However, if you find, by a preponderance of the evidence, that eVestment has proven that Compass tortiously interfered with a contract between eVestment and Holland Capital Management, LLC, then you must consider whether Compass has proven any of its affirmative defenses.  If you find that Compass has proven any of its affirmative defenses by a preponderance of the evidence, then your verdict should be for Compass and against eVestment on this claim.  If you find that Compass has not proven any of its affirmative defenses by a preponderance of the evidence and eVestment has proven that Compass tortiously interfered with a contract between eVestment and Holland Capital Management, LLC, then your verdict should be for eVestment on this claim.

If your verdict is for eVestment on it claim of tortious interference, you should award eVestment an amount of money that a preponderance of the evidence shows will fairly and adequately compensate eVestment for its damages.   Damages can include the pecuniary loss of the benefits of the contract and the consequential damages caused by the interference. Consequential damage is a loss or injury that does not flow directly and immediately from the act of the party, but from some of the consequences or results of such act.   Consequential damages can include lost profits.

If you find for eVestment and against Compass on the claim of tortious interference, you must decide whether, in addition to compensatory damages, punitive damages are warranted as a punishment to Compass and as a deterrent to others.

Punitive damages are warranted against Compass if you find by clear and convincing evidence that Compass was guilty of intentional misconduct or gross negligence, which was a substantial cause of loss, injury or damage to eVestment.   Under those circumstances you may, in your discretion, award punitive damages against Compass. If clear and convincing evidence does not show such conduct by Compass, punitive damages are not warranted.

"Intentional misconduct" means that Compass had actual knowledge of the wrongfulness of the conduct and that there was a high probability of injury or damage to eVestment and, despite that knowledge, Compass intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence" means that Compass' conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of eVestment.

"Clear and convincing evidence" differs from a "preponderance of the evidence."  Clear and convincing evidence is a higher standard of proof than proof by a preponderance of the evidence.  It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain.

If you decide that punitive damages are warranted against Compass, then you must decide the amount of punitive damages, if any, to be assessed as punishment against Compass and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded.  You may in your discretion decline to assess punitive damages.

The Court instructs you that you are to consider each count separately.  In the event you choose to award damages, you must consider the damages with respect to each particular count separately.  You are advised that the Court will ensure that eVestment will not recover twice for the same damages.

If you find that eVestment has proven any of its claims by a preponderance of the evidence, you must then determine whether Compass has proven any of its affirmative defenses by a preponderance of the evidence.  If you find that Compass has proven any of its affirmative defenses, you must return a verdict in favor of Compass.

.

Compass has raised the defense of laches as to all of its claims except the claims under the Computer Fraud and Abuse Act.  Laches is an unreasonable delay in pursuing a right or claim in a way that prejudices the opposing party and renders the granting of a claim inequitable.

To establish this defense, Compass must prove the following by a preponderance of the evidence:

1.      eVestment delayed filing suit after the time that eVestment knew or reasonably should have known of its claim against Compass;

2.      the delay was unreasonable and not excusable; and

3.      the delay operated to the prejudice or injury of Compass.

Compass has raised the defense of acquiescence as to all of its claims except the claims under the Computer Fraud and Abuse Act.  To establish this defense, Compass must prove the following by a preponderance of the evidence:

1.      eVestment actively represented that it would not assert a right or a claim;

2.      the delay between the active representation and assertion of the right or claim was not excusable; and

3.      the delay caused Compass undue prejudice.

Compass has raised the defense of waiver.  Compass claims eVestment waived or gave up its right to assert that Compass was doing something improper by using Holland Capital Management's login passwords to access information in eVestment's Analytics Database and use such information to market its own products.  To establish this defense, Compass must prove all of the following, by a preponderance of the evidence:

1.      eVestment knew or should have known that it had the right to stop Compass from using Holland Capital Management's login passwords to access eVestment's Analytics Database; and

2.      eVestment freely and intentionally gave up its right to stop Compass from using Holland Capital Management's login passwords to access eVestment's Analytics Database.

A waiver may be oral or written or may arise from conduct which shows that eVestment gave up that right.

Compass has raised the defense of equitable estoppel. To establish this defense, Compass must prove all of the following:

1. eVestment concealed or was silent about the fact that it did not approve of Compass using its clients' login passwords to access and use eVestment's Analytics Database;

2. Compass relied in good faith upon eVestment's inaction or silence;

3. Such reliance was reasonable under the circumstances; and

4. Compass' reliance on eVestment's inaction or silence caused Compass to continue to use its clients' login passwords to access and use eVestment's Analytics Database.

Compass has raised the defense of the statute of limitations.  On this defense, the issue for you to decide is whether eVestment filed each of the claims it brought against Compass within the time set by law.  eVestment filed its claims against Compass on October 22, 2014.

To establish this defense to eVestment's claims under the Computer Fraud and Abuse Act ("CFAA"), Compass must prove that eVestment knew or should have suspected that Compass was using Holland Capital Management's login passwords to access information in eVestment's Analytics Database more than two (2) years before eVestment filed this claim against Compass (i.e., prior to October 22, 2012).

To establish this defense to eVestment's claims under the Florida's Trade Secrets Act, Florida Statute Chapter 688, Compass must prove that eVestment knew or should have known of Compass' alleged misappropriation of trade secrets prior to October 22, 2011, which is three years before eVestment filed its claims against Compass.

To establish this defense for eVestment's claim for breach of contract, Compass must prove that the alleged breach of contract occurred more than five (5) years before eVestment filed its lawsuit (i.e., prior to October 22, 2009).

To establish this defense for eVestment's claim for tortious interference, Compass must prove that eVestment knew or should have known that Compass was using Holland Capital Management's login passwords to access information in eVestment's Analytics Database more than four (4) years prior to the date that eVestment filed its lawsuit (i.e., prior to October 22, 2010).

If you find that Compass has proven this defense for any of eVestment's claims, you must return a verdict in favor of Compass on that specific claim.  If you find that Compass has

not proven this defense for any of eVestment's claims and eVestment has proven that specific

claim, you must return a verdict in favor of eVestment.

Compass has asserted the affirmative defense of unclean hands. Compass asserts that eVestment brought this lawsuit for improper reasons. To establish this defense, Compass must prove by a preponderance of the evidence that eVestment's wrongdoing is directly related to the claim against which it is asserted, and, even if directly related, Compass must show that it was personally injured by eVestment's wrongful conduct.

In this case you have been permitted to take notes during the course of the trial, and most of you -- perhaps all of you -- have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.  In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

Of course, the fact that I have given you instructions concerning the issue of eVestment's damages should not be interpreted in any way as an indication that I believe that eVestment should, or should not, prevail in this case.

 Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges— judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible - either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response.  But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.